386 So.2d 702 (1980)
Rodney FONTENOT et al., Plaintiffs-Appellees,
v.
Margaret K. PETMECKY et al., Defendants-Appellants.
No. 7732.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1980.
Rehearing Denied August 22, 1980.
*703 Donald Soileau, Mamou, for defendants-plaintiffs in-reconvention-appellants.
Ryder & Deshotels, Errol D. Deshotels, Oberlin, for plaintiffs-appellees.
Before GUIDRY, DOUCET and LABORDE, JJ.
DOUCET, Judge.
This is a suit for injunctive relief, which arises out of a dispute over the right to farm approximately 930 acres of farm land located partly in Allen and partly in Evangeline Parishes. In 1976, plaintiffs, Rodney and Gregory Fontenot, leased this property, which is known as the "Osterland-Knight Farm". They brought this suit to enjoin the defendant landowners from leasing the property to a new farmer, defendant Robert Spears, alleging in their petition that the 1976 lease had been reconducted for 1977. Defendants answered by way of general denials. In addition to his answer, Robert Spears filed a reconventional demand for any damages that he would sustain as a result of the wrongful issuance of the injunction. Also, certain of the landowners prayed for any damages caused by the wrongful issuance of the injunction. After a hearing, the district court found that the lease had been reconducted and issued a preliminary injunction restraining the defendant landowners and their lessee, Spears, from interfering with plaintiffs' farming operations during 1977.
The landowners appealed devolutively, and Spears appealed suspensively. This Court reversed the judgment, after finding that the 1976 lease had not been reconducted. Judgment was rendered in favor of the defendants and against the plaintiffs, rejecting plaintiffs' demands at their costs. The case was remanded to the district court for trial of the issues of damages suffered by defendants by reason of the wrongful issuance of the preliminary injunction.
A trial was held in the district court on October 9, 1979, at which Spears presented evidence for the purpose of establishing the nature and extent of his damages. After taking the matter under advisement, the trial judge rendered judgment in favor of plaintiffs, dismissing Spears' claim for damages and attorney's fees. Spears appeals.
The trial judge's reasons for rejecting Spears' claim were set forth in his written reasons for judgment as follows:
"The district court trial [of plaintiffs' demand for the preliminary injunction] was, in effect, on the merits. There was nothing left to be tried. The appellate court dealt with the merits. The parties simply had their day in court on the basic issue between them.
*704 "Article 3608 of the Louisiana Code of Civil Procedure provides as follows:
`The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.'
"Awarding damages and attorney's fees appears to be discretionary.
"In this case, had plaintiff's attorney simply sued for a permanent injunction, the effect would have been the same and there would be no question of damages. This court is of the opinion it would be an abuse of discretion to award damages and attorney's fees against plaintiff because he elected to use the court to assert a claim."
Spears argues that the trial judge's conclusion that awarding him damages would have been an abuse of his discretion was erroneous. He further argues that the trial judge's refusal to award him damages was an abuse of his discretion. We agree.
Plaintiffs' liability for damages under LSA-C.C.P. Art. 3608 is not a result of their having elected to litigate a claim. As the trial court correctly observed, plaintiffs could have sued for a permanent injunction, employing the same legal theory and evidence, and they would not have been liable for damages under that article. However, if they had done so, they would not have been allowed to employ summary proceedings. LSA-C.C.P. Art. 2592.
A defendant in an ordinary proceeding is allowed considerably more time to answer, raise exceptions, and prepare his defense than a defendant in a summary proceeding. Presumably, the danger of there being an erroneous decision in favor of the plaintiff is thereby decreased. We believe that this is the reason why LSA-C.C.P. 3608 provides for damages for the wrongful issuance of a temporary restraining order or a preliminary injunction, but it does not provide similar damages for the wrongful issuance of a permanent injunction. A preliminary injunction may be obtained through the use of summary proceedings under LSA-C.C.P. Art. 3602, while ordinary proceedings must be used for obtaining permanent injunctions. The record shows that in the case at hand plaintiffs filed their suit on March 21, 1977. The trial was held on March 25-28, 1977, and the preliminary injunction was issued on April 1, 1977.
Under these circumstances, we cannot agree with the trial judge's conclusion that it would be unjust or unfair to require plaintiffs to reimburse Spears for the attorney's fees that he incurred in connection with the dissolution of the wrongfully issued preliminary injunction. However, we do not believe that Spears is entitled to the other damages that he seeks. We know of no authority for allowing damages for mental anguish under LSA-C.C.P. 3608, and the evidence that he presented does not support his claim that he incurred business losses as a result of the issuance of the injunction. The trial judge granted him a suspensive appeal on April 11, 1977, ten days after the injunction was issued. Spears has not shown that he suffered any loss as a result of the restraining of his activities during the interim ten day period.
With regard to the attorney's fees, Spears' attorney testified in detail concerning the work that he did and the amount that was involved. According to that testimony, part of his time was spent in defending the rule for the preliminary injunction. There is no statutory authority for allowing attorney's fees for simply defending a rule for a preliminary injunction. Lighthouse Life Insurance Company, Inc. v. Rich, 343 So.2d 444 (La.App. 3rd Cir. 1977). However, under LSA-C.C.P. Art. 3608, attorney's fees are allowable in connection with the dissolution of a preliminary injunction. Based on the evidence in the record, we believe that an attorney's fee of $4,500 would be reasonable.
*705 For the above and foregoing reasons, the judgment appealed by the defendant-appellant, Robert Spears, is reversed. Judgment is rendered in favor of Robert Spears and against the plaintiffs, Rodney Fontenot and Gregory K. Fontenot, in the sum of $4,500. All costs of the trial and this appeal are assessed to the plaintiffs.
REVERSED AND RENDERED.