698 So.2d 408 (1997)
ARCO OIL & GAS COMPANY, a DIVISION OF ATLANTIC RICHFIELD COMPANY, PlaintiffAppellee
v.
William DESHAZER, DefendantAppellant.
No. 96-1344.
Court of Appeal of Louisiana, Third Circuit.
May 21, 1997.
Rehearing Denied September 15, 1997.
*409 Kevin Richard Tully, Lawrence J. Ernst, New Orleans, for Arco Oil & Gas Co.
William M. Bass, Lafayette, for William Deshazer.
Before THIBODEAUX, PETERS and SULLIVAN, JJ.
THIBODEAUX, Judge.
ARCO Oil & Gas Company filed a petition for a temporary restraining order and a preliminary injunction to enjoin William DeShazer from performing consulting work with Southern National Gas Company. A temporary restraining order was issued, and the defendant was ordered to show cause why a preliminary injunction should not be issued. The trial court denied ARCO's motion for a preliminary injunction on Mr. DeShazer's consulting activities and the temporary restraining order was dissolved on January 18, 1990. Mr. DeShazer then brought suit against ARCO, seeking damages for mental anguish, loss of income, and attorney's fees. The trial court held that an award of damages for mental anguish under La.Code Civ.P. art. 3608 was not cognizable under Louisiana law and damages for loss of income and attorney's fees were not appropriate in this case. Mr. DeShazer appeals.
We reverse the judgment of the trial court and award $25,000.00 for the mental anguish suffered by Mr. DeShazer and $87,850.00 for loss of income. We affirm the denial of attorney's fees.

I.

ISSUES
The issues presented for review are whether the trial court erred in denying (1) damages for mental anguish; (2) damages for loss of income; and (3) attorney's fees.

II.

FACTS
An explosion and fire occurred on an ARCO platform on March 19, 1989. ARCO sued Southern National Gas Company ("SONAT") as a result of the accident. SONAT hired William DeShazer, a former ARCO employee, as a consultant. Mr. DeShazer provided consulting for SONAT until he received a temporary restraining order prohibiting him from performing consulting work for SONAT. The temporary restraining order was in effect from July 11, 1989 to January 18, 1990.

III.

LAW & DISCUSSION
A damage award determined by the trial court for the wrongful issuance of a temporary restraining order will not be disturbed on appeal absent an abuse of discretion. United Gas Pipe Line Co. v. Caldwell, 590 So.2d 724 (La.App. 3 Cir.1991). That damage award is usually based on factual considerations to which we owe some deference. *410 However, a legal error is entitled to no deference. Because the trial court was under the erroneous impression that damages could not be legally awarded for mental anguish under La.Code Civ.P. art. 3608, we will review the mental anguish claim de novo.
Article 3608 of the Louisiana Code of Civil Procedure governs the propriety of damage awards for the wrongful issuance of temporary restraining orders. It states:
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
La.Code Civ.P. art. 3608. Throughout its argument, ARCO asserts that since the trial court "may" allow damages, a court has the discretion to decide whether such an award is appropriate or not. This assessment of Article 3608 is much too broad.
As ARCO mentioned in its brief, this court stated in Consultant Service Brokers, Inc. v. Housing Authority, 428 So.2d 1336 (La.App. 3 Cir.1983):
[Article 3608]'s wording in each case specifies that its application is not mandatory. The use of the word "may" in each instance affirms that the award of damages, including attorney's fees, is left to the discretion of the trial court.... [O]nly in cases of clear abuse of its discretion will we interfere with the trial court's decision.
Consultant Serv. Brokers, Inc., 428 So.2d at 1337 (citations omitted). The trial court does not have unfettered discretion in determining when damages may be awarded under Article 3608. It can be abused, and has been abused here. Although a trial court is not mandated to provide a damage award, it should allow them when damages are appropriate. When there is no proof of concrete, ascertainable damages, then the trial court may award (or, may not award) damages at its discretion. That discretion should not be disturbed absent extraordinary circumstances. However, when such proof exists, as it does in this case, the trial court's refusal to award damages should be carefully scrutinized, again utilizing an abuse of discretion standard.

Mental Anguish
The trial court denied all damage claims for mental anguish because it felt Fontenot v. Petmecky, 386 So.2d 702 (La. App. 3 Cir.), writ denied, 393 So.2d 747 (La.1980) foreclosed such damages under Article 3608. In fact, this court in Fontenot stated, "[w]e know of no authority for allowing damages for mental anguish under LSA-C.C.P. 3608." Fontenot, 386 So.2d at 704 (emphasis added). The trial court did not attempt to award damages for mental anguish because it was under the impression that such an award was impermissible. Contrary to Fontenot, we now have determined a source of authority for providing damages for mental anguish under Article 3608.
Article 2315 of the Louisiana Civil Code is the paradigm of tort liability in Louisiana. It establishes an individual's standard of conduct and the basis of the notion of social responsibility. The terms provide: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La.Civ.Code art. 2315. Article 2315 does not limit the notion of fault. Ardoin v. Hartford Accident & Indem. Co., 360 So.2d 1331 (La.1978). When the redactors stated "every act," they
[h]ad in mind the repression of the innumerable acts which constituted faults under whatever form they appeared. The framers conceived of fault as a breach of a preexisting obligation, for which the law orders reparation, when it causes damage to another, and they left it to the court to determine in each case the existence of an anterior obligation which would make an act constitute fault. 2 M. Planiol, Treatise on the Civil Law, Part 1 Secs. 863-865 (1959).
Pitre v. Opelousas Gen. Hosp., 530 So.2d 1151, 1156 (La.1988).
Article 2315 provides a concept of fault which transcends generationally in society.
*411 Although Article 3608 does not provide a specific clause for the inclusion of mental anguish as a portion of a damage award, "[a]s the drafters of both civil codes realized, no one could foresee all the possible types of civil injuries and accidents that might befall people." Shael Herman, The Louisiana Civil Code: A European Legacy for the United States 52 (1993). Use of our delictual principles of fault provides a basis for the extension of coverage of mental anguish damages under Article 3608.
Under the civilian tradition of our state the courts have been given a broad, general principle of legislative will from which they are required to determine when the interest of society is best served by requiring one who harms another to respond in damages for the injury caused. In deciding whether the conduct in a specific case falls below that in which a person can engage without becoming responsible for resultant damage, a court must refer first to the fountainhead of responsibility, Article 2315, and next in applying the article to the many other articles in our code which deal with the responsibility of certain persons or that which arises due to certain types of activity.
Ardoin, 360 So.2d at 1334 (footnote omitted). The wrongful issuance of a temporary restraining order or preliminary injunction is a form of mental distress on those who were improperly enjoined. Those who cause this harm are required to repair it. La.Civ.Code art. 2315.
When a court of appeal has all of the facts before it, a trial court's erroneous impression does not necessitate remand. Gonzales v. Xerox Corp., 320 So.2d 163 (La. 1975). Under these circumstances, an appellate court is authorized to determine a just and appropriate damage award after a review of a complete record. McLean v. Hunter, 495 So.2d 1298 (La.1986).
Mr. DeShazer exhibited behavior patterns which exemplified those of clinically depressed people during the six-month period in which the restraining order was in place. Louise DeShazer, Mr. DeShazer's wife and a nurse by profession, noted a number of these patterns. Mr. DeShazer was unable to concentrate. He felt as if he had no self worth since he was not working and could not provide for his family. He spent most of his time sleeping or watching television. He would scream at Mrs. DeShazer for no apparent reason and then later become very apologetic. These actions would produce large arguments between the couple, creating a great deal of stress and strain on the marriage. There was such a strain on the marriage and the family that Mrs. DeShazer contemplated leaving Mr. DeShazer on several occasions.
Christmas 1989 was not a joyous occasion for the DeShazer family. Normally, Mr. and Mrs. DeShazer were able to buy their children whatever they wanted for Christmas, within reason. However, Mr. and Mrs. DeShazer were unable to place any presents under the Christmas tree. They were only able to afford the food for Christmas dinner. Mr. DeShazer often stormed through the house, yelling and arguing with his family during the Christmas season. This was because he was constantly thinking that he was an inadequate person, husband, and father.
After the restraining order was lifted and Mr. DeShazer was able to return to work, his spirits began to improve gradually. The DeShazers accumulated a number of bills while the restraining order was in place which remained unpaid. As those bills became more manageable, the stress and depression in Mr. DeShazer's life began to lessen.
After reviewing the facts in this record, it is apparent that Mr. DeShazer's mental condition suffered greatly as a result of the temporary restraining order. He was in a state which his wife has typically seen in clinically depressed patients at work. We conclude that an award of $25,000.00 is just and appropriate given the facts and circumstances surrounding this case.

Loss of Income
Mr. DeShazer argues that he is entitled to damages for loss of income because the wrongful injunction prevented him from earning anticipated income. ARCO asserts that Mr. DeShazer did not suffer income loss because SONAT paid him for his work on the defense of the injunction filed against him. *412 We find that since the payments made by SONAT are not representative of those that would have been received by Mr. DeShazer in absence of the injunction, Mr. DeShazer is entitled to damages for loss of income while the temporary injunction was in place.
Loss of income is proven with evidence which reasonably establishes the plaintiff's claim. Veazey v. State Farm Mut. Auto Ins., 587 So.2d 5 (La.App. 3 Cir.1991). Article 3608 provides that "[t]he court may allow damages for the wrongful issuance of a temporary restraining order." If a plaintiff is able to show that the injunction restrained his income-earning activities, then that plaintiff is entitled to damages for loss of income.
In Roy v. Union Bank, 347 So.2d 286 (La.App. 3 Cir.), writs denied, 350 So.2d 895, 902 (La.1977), this court awarded damages under Article 3608 when the plaintiff demonstrated that a preliminary injunction prevented him from receiving rental income from leased property. However, in Fontenot v. Petmecky, 386 So.2d 702 (La.App. 3 Cir. 1980), when the plaintiff was unable to show that he suffered a loss of income during the ten days in which the injunction was in place, this court did not grant a damage award. The fourth circuit awarded damages for loss of income under Article 3608 to two assistant district attorneys who were able to show through their own testimony and that of coworkers that an injunction prevented them from serving in their usual prosecutorial role in Board of Commissioners v. Connick, 95-1456 (La.App. 4 Cir. 3/14/96); 671 So.2d 1004.
The trial court abused its discretion when it found that since Mr. DeShazer earned some income while he was enjoined, the difference between what he could have earned and what he actually earned was not enough to warrant a damage award for loss of earning capacity. Mr. Charles Talley, of Lemle & Kelleher, the law firm which represented SONAT, testified that Mr. DeShazer would have been paid $100.00 per hour for his services and that he would have been working full time or close to full time during the approximately five months in which he was enjoined. If Mr. DeShazer worked forty-hour weeks during this time period, he would have earned approximately $108,000.00. Mr. DeShazer received $20,150.00 for his work on his defense. The preponderance of the evidence shows that he is entitled to receive $87,850.00, the difference between what he should have earned and what he actually earned while enjoined.

Attorney's Fees
The trial court did not abuse its discretion in finding that Mr. DeShazer should not be awarded attorney's fees. Article 3608 provides that attorney's fees may be included in a damage award for the dissolution of a wrongfully issued temporary restraining order. However, Mr. DeShazer was never liable for attorney's fees in connection with the dissolution of the temporary restraining order. As the trial court noted, Mr. DeShazer was not sent the bill for Voorhies & Labbe's services in dissolving the restraining order, nor did he pay the bill. SONAT paid the bills for those services rendered by Voorhies & Labbe and Mr. DeShazer has not reimbursed it, nor has a reimbursement been requested.

IV.

CONCLUSION
For the foregoing reasons, the trial court's judgment denying damages for mental anguish and loss of income is reversed and its denial of attorney's fees is affirmed. We award $25,000.00 for mental anguish damages and $87,850.00 for loss of income damages.
All costs are assessed against ARCO Oil & Gas Company.
REVERSED IN PART AND AFFIRMED IN PART.