| iTHIBODEAUX, Judge.
This ease is before us on remand from the Louisiana Supreme Court. The facts are fully delineated in our earlier opinion, Arco Oil & Gas Co. v. Deshazer, 96-1344 (La.App. 3 Cir. 5/21/97); 698 So.2d 408. The issue is whether damages for mental anguish are recoverable under La.Code Civ.P. art. 3608. A three-judge panel | aof our court held that the recovery of such damages is proper. Previously, Fontenot v. Petmecky, 386 So.2d 702 (La.App. 3 Cir.), unit denied, 393 So.2d 747 (La.1980), determined that no authority existed for the award of mental anguish damages under La.Code Civ.P. art. 3608.
We were instructed “to hold an en banc hearing and determine whether this decision [Arco Oil & Gas Co. v. Deshazer, 96-1344 (La.App. 3 Cir. 5/21/97); 698 So.2d 408] is in conflict with Fontenot v. Petmecky, 386 So.2d 702 (La.App. 3 Cir.), writ denied, 393 So.2d 747 (La.1980) and if so to determine which view is correct.” 97-2552 (La.1/9/98); 704 So.2d. 246.
For the following reasons, we adhere to our previous decision. Damages for mental anguish are recoverable under La.Code Civ.P. art. 3608. Fontenot v. Petmecky is overruled.
The ratio decidendi of our initial decision is buttressed by a comparison of Articles 3506 and 3608. Both Articles are found in Title I of Book VII of the Louisiana Code of Civil Procedure and both refer to provisional remedies. While La.Code Civ.P. art. 3506 refers to the dissolution of a writ of attachment or of sequestration and not to a temporary restraining order or preliminary injunction, it is axiomatic that all laws in pari materia are to be considered. See La.Civ. Code art. 13.
The language in each Article authorizing damages is virtually identical. Article 3608 states the following:
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
By comparison, Article 3506 provides that:
1-jThe court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney’s fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits.
Mental anguish is properly characterized as a category of moral damages. It is a “damage that cannot be technically viewed as sustained by a person’s patrimony, or damage to an interest for which a current market value cannot be readily ascertained, as is always the case when the injury sustained consists, in whole or in part, in the experience of a negative state of emotional distress.” Saul Litvinoff, Moral Damages, 38 La. L.Rev. 1,2 (1977-1978).
Allowing “moral damages” under the provisional remedies articles of the Louisiana Code of Civil Procedure is nothing new to the Third Circuit. In Chapman v. Steckler, 442 So.2d 909, 910 (La.App. 3 Cir.1983), we held:
[w]here sequestration has been wrongfully issued, defendant is entitled to recover actual damages which he sustained as a result thereof, including damages for loss of profit, loss of use, and injuries to social standing or reputation as well as humiliation, inconvenience and mortification. LSA-C.C.P. art. 3506; Mathieu v. Nettles, 383 So.2d 1337 (La.App. 3rd Cir.1980), writ denied, 390 So.2d 202 (La.1980); Talley v. Bradley, 177 So.2d 624 (La.App. 3rd Cir.1965).
(Emphasis added). Furthermore, Henderson v. Domingue, 626 So.2d 555 (La.App. 3 Cir.1993), writ denied, 630 So.2d 799 (La.1994), relied on Chapman v. Steckler in awarding damages for mental anguish in a legal malpractice case. “[S]uch an award rests solidly on the foundation of general tort principles.” Id. at 559. Moreover, “[i]n the matter of fault, the nature of the damage is *808 of little importance; it always gives rise to reparation when it is real and has been verified.” 2 M. Planiol, Traite élémentaire de droit civil, Part 1, No. 868 at 471 (La. State Law Inst, trans., 11th ed.1959).

[^CONCLUSION

For the foregoing reasons, our decision in Arco Oil & Gas Co. v. Deshazer, 96-1344 (La.App. 3 Cir. 5/21/97); 698 So.2d 408 is reaffirmed. Fontenot v. Petmecky, 386 So.2d 702 (La.App. 3 Cir.), unit denied, 393 So.2d 747 (La.1980) is overruled.
AMY, J., concurs and assigns reasons.
GREMILLION, J., concurs for the reasons assigned by AMY, J.
DOUCET, C.J., concurs but would remand to delineate the criteria for recovery.