AMY, Judge,
concurring.
Like the majority, I conclude that mental damages are recoverable under La. Code Civ.P. art. 3608. However, I write separately to point out that, since La.Civ. Code art. 2315 is the general provision in this state which allows for recovery of damages occasioned by the fault of another, we should look to Article 2315 and interpretive jurisprudence to determine what damages, or categories of damages, are allowable in the present matter. See Moresi v. State, Through Dept. of Wildlife & Fisheries, 567 So.2d 1081 (La.1990).
In writing the majority in Moresi, 567 So.2d 1081, Justice Dennis explained the standard for recovery of mental damages as follows:
Furthermore, the plaintiffs have not alleged or proved that they suffered any bodily harm or property damage as a result of the agents’ negligence in missend-ing the message. Consequently, they are seeking to recover on the basis that defendants’ conduct is merely negligent and causes only mental disturbance. Under the general rule followed by the great majority of jurisdictions, if the defendant’s conduct is merely negligent and causes only mental disturbance, without accompanying physical injury, illness or other physical consequences, the defendant is not liable for such emotional disturbance. Prosser & Keeton § 54 at p. 361; Restatement of Torts (2d) § 436A; Eastern Airlines, Inc. v. King, 557 So.2d 574 (Fla.1989); Czaplicki v. Gooding Joint School Dist., 116 Idaho 326, 775 P.2d 640 (1989); Decker v. Princeton Packet, Inc., 116 N.J. 418, 561 A.2d 1122 (1989).
Rln our jurisprudence, there have been deviations from the general rule .... [A]ll of these categories have in common the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee is not spurious. Prosser & Keeton § 54 at p. 362; W. Malone & L. Guerry, Studies in Louisiana Tort Law, 45 (1970); Robertson, supra at 292.
Id. at 1095-96. Thus, after considering La. Civ. Code art. 2315, I conclude that, in the absence of physical injury, mental damages are recoverable in a La. Code Civ.P. art. 3608 case only in the presence of special circumstances, e.g., intentional or egregious conduct. See White v. Monsanto Co., 585 So.2d 1205 (La.1991).
Finally, the only issue now before this en banc court is the matter which we were instructed to resolve by the Louisiana Supreme Court on remand, namely, whether this court’s earlier decision in this matter, Arco v. Deshazer, 96-1344 (La.App. 3 5/21/97); 698 So.2d 408, conflicts with the decision in Fontenot v. Petmecky, 386 So.2d 702 (La.App. 3 Cir.), writ denied, 393 So.2d 747 (La.1980). As we have resolved the conflict as ordered by the supreme court, I do not proceed to consider whether mental damages were adequately proven in this case.
I respectfully concur.