728 So.2d 841 (1999)
ARCO OIL & GAS COMPANY, a DIVISION OF ATLANTIC RICHFIELD COMPANY
v.
William DeSHAZER.
No. 98-C-1487.
Supreme Court of Louisiana.
January 20, 1999.
*842 Lawrence J. Ernst, Kevin Richard Tully, Christovich & Kearney, New Orleans, Counsel for Applicant.
William M. Bass, Simone Chachere Dupre, Voorhies & Labbe, Lafayette, Counsel for Respondent.
MARCUS, Justice.[*]
Arco Oil & Gas Company (ARCO) hired William DeShazer (DeShazer), a petroleum engineer, in 1972. Shortly after he was hired, DeShazer signed an agreement entitled "Employees Agreement Relating to Inventions, Patents and Company Information." The agreement provided that DeShazer would not disclose, during or after employment, any "Company Information" which "might reasonably be construed to be contrary to the interests" of ARCO. In 1987, DeShazer retired.
While in ARCO's employ, DeShazer worked as a District Engineer for ARCO's Lafayette office. He and his staff were responsible for the design and construction of ARCO's South Pass 60-B Platform in the Gulf of Mexico. On March 19, 1989, an explosion and fire occurred on the platform, destroying the entire facility and killing several workers. ARCO brought a suit for damages against Southern Natural Gas Company (SONAT), whose employees were working on the platform at the time of the explosion. For assistance in the litigation, SONAT hired DeShazer as its consultant. On July 11, 1989, ARCO sought to enjoin DeShazer from *843 serving as SONAT's consultant on the ground that ARCO would suffer irreparable injury if DeShazer disclosed "technical, business or financial information" to SONAT in violation of his employment agreement with ARCO. The trial judge granted a temporary restraining order on that date. In response, DeShazer filed a motion to dissolve the temporary restraining order and sought damages and attorney fees pursuant to La.Code Civ. P. art. 3608. On January 18, 1990, the trial judge denied ARCO's request for a preliminary injunction, concluding that ARCO had an adequate remedy at law in a suit for damages. The trial judge also dissolved the temporary restraining order previously granted.[1]
ARCO's claim for damages for breach of employment contract and DeShazer's claim for damages under Article 3608 were set to be heard on the merits. On July 12, 1993, the trial judge granted ARCO's exception of prescription and dismissed DeShazer's claim. Following trial on the merits of ARCO's claim, the trial judge ruled in favor of DeShazer, denying ARCO breach of contract damages. On appeal, the ruling of the trial judge was affirmed insofar as he held that ARCO was not entitled to damages for breach of contract. However, the court of appeal reversed the trial judge's ruling that DeShazer's claim for damages under Article 3608 had prescribed, and remanded the case for further proceedings.
After trial on the merits of DeShazer's claim, the trial judge declined to award DeShazer any damages under Article 3608 for loss of income, mental anguish or attorney fees. On the question of mental anguish damages, the trial judge, relying on Fontenot v. Petmecky, 386 So.2d 702 (La.App. 3d Cir. 1980), concluded that such damages are not recoverable under Article 3608.[2] DeShazer appealed. A three-judge panel of the court of appeal reversed in part and affirmed in part. The court of appeal held that damages for mental anguish may be recovered under Article 3608, and awarded DeShazer damages for loss of income ($87,850.00) and mental anguish ($25,000.00). However, it found that the trial judge did not abuse his discretion in denying attorney fees.[3]
Upon application of ARCO to this court, we granted a writ with a per curium opinion remanding the case to the court of appeal to hold an en banc hearing to determine whether its decision was in conflict with Fontenot, and, if so, to determine the correct view. Following the hearing, the court of appeal overruled Fontenot, reaffirming its holding that mental anguish damages are recoverable under Article 3608 and its award of mental anguish damages in this case. Upon application of ARCO, we granted certiorari to review the correctness of that decision.
The sole issue presented for our consideration is whether damages for mental anguish may be recovered under La.Code Civ. P. art. 3608 for the wrongful issuance of a temporary restraining order, and, if so, whether such damages are recoverable in this case.
The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss or damage to the applicant. La.Code Civ. P. art. 3601. During the pendency of an action for an injunction, the court may issue a temporary restraining order, a preliminary injunction or both. Article 3608 of the Louisiana Code of Civil Procedure controls the award of damages when a temporary restraining order or a preliminary injunction is wrongfully issued. This article provides:
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution *844 of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
It is important to note that a plaintiffs liability for damages under Article 3608 is not a result of his having elected to litigate a claim. A plaintiff who chooses to sue for a permanent injunction, employing the same legal theories and evidence, would not be exposed to potential liability for damages under Article 3608. At the same time, however, he would not be allowed to employ summary proceedings. Instead, a plaintiff who seeks a permanent injunction may do so only through the use of an ordinary proceeding. In an ordinary proceeding, the defendant is allowed considerably more time to answer, raise exceptions and prepare his defense than a defendant in a summary proceeding. Presumably, the danger of there being an erroneous decision in favor of the plaintiff is thereby decreased. We believe that this is the reason Article 3608 provides for damages for the wrongful issuance of a temporary restraining order or a preliminary injunction, and does not provide similar damages for the wrongful issuance of a permanent injunction.
Focusing on the plain language of Article 3608, it is clear from the legislature's use of the word "may" that the provision which authorizes assessment of damages for the wrongful issuance of injunctive relief is not mandatory in its application. Rather, a trial judge may use his discretion when determining whether to award damages. Therefore, the ruling of a trial judge on the issue of damages under Article 3608 should not be disturbed on appeal absent a clear abuse of discretion.
Moreover, Article 3608 does not speak of wrongfully "seeking" or "obtaining" a temporary restraining order or preliminary injunction, which terms would focus attention on the party who sought and obtained the injunctive relief. Instead, Article 3608 focuses on the actions of the court by providing that damages may be awarded for the wrongful "issuance" of a temporary restraining order or preliminary injunction. Therefore, we conclude that the word "wrongful" in Article 3608 simply means incorrect, or the result of a mistake, and does not imply malice or bad faith on the part of the plaintiff. Board of Commissioners of the Orleans Levee District v. Harry F. Connick, 671 So.2d 1004, 95-1456 (La.App. 4th Cir. 3/14/96); 671 So.2d 1004. In the instant case, the trial judge found that ARCO was not entitled to a preliminary injunction and dissolved the temporary restraining order previously granted. Therefore, there was a "wrongful issuance" of a temporary restraining order in accordance with Article 3608.
ARCO argues that because a judge is "actively involved in the process," mental anguish damages should not be awarded for the wrongful issuance of a temporary restraining order or a preliminary injunction. Alternatively, ARCO contends that if mental anguish damages are recoverable under Article 3608, Louisiana tort law provides the appropriate standard for recovery.
When the legislature enacted Article 3608, it was aware of the degree of judicial oversight required for the issuance of a temporary restraining order or preliminary injunction. Nevertheless, the legislature did not exclude mental anguish as a type of damage recoverable under Article 3608. Therefore, we must reject ARCO's first argument and conclude that damages for mental anguish may be awarded for the wrongful issuance of a temporary restraining order or preliminary injunction.
Next, we turn to the appropriate standard for recovery of mental anguish damages under Article 3608. In this regard, we are persuaded by ARCO's argument that the narrow standard governing liability for damages in tort cases involving negligent or intentional infliction of emotional distress also provides an appropriate standard for recovery of mental anguish damages under Article 3608.
Louisiana Civil Code Article 2315, the core of tort liability in Louisiana, provides: "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." The recognition of *845 negligent or intentional infliction of emotional distress, unaccompanied by physical injury, as a viable claim is a relatively recent development in Louisiana tort law. Although this court has permitted recovery for negligent and intentional infliction of emotional distress, such damages are available only in special circumstances which serve to guarantee against spurious claims. Accordingly, we have held that only one who by extreme and outrageous conduct intentionally or negligently causes severe emotional distress to another is subject to liability for such damages. White v. Monsanto Co., 585 So.2d 1205 (La.1991); Moresi v. State, Through Dept. Of Wildlife & Fisheries, 567 So.2d 1081 (La.1990). Minimal and normal inconvenience is not compensable.
In contrast to tort law, recovery of damages under Article 3608 is not based on fault. Article 3608, a procedural article, simply permits recovery of damages in cases where injunctive relief was issued when it should not have been, because the plaintiff had no right to such relief. Therefore, a standard which permits recovery of mental anguish damages only under limited circumstances is even more applicable here, in the context of wrongfully issued injunctive relief, than it is under the fault-based concepts of tort law. Moreover, failure to impose this higher standard for recovery of mental anguish damages would have a chilling effect on parties who believe in good faith that they are entitled to injunctive relief. Therefore, we conclude that it is appropriate to borrow this standard from tort law. Accordingly, we hold that damages for mental anguish are recoverable under Article 3608 only in the presence of special circumstances involving outrageous or egregious conduct.[4]
With this standard in mind, we must determine whether DeShazer is entitled to recover damages for mental anguish as a result of the wrongfully issued temporary restraining order. The basis for ARCO's request for the temporary restraining order was an employment agreement signed by DeShazer. The employment agreement, in part, provided that DeShazer would not divulge, during or after his employment with ARCO, confidential information or other technical, business or financial information which might reasonably be construed to be contrary to the interests of ARCO. While in ARCO's employ, DeShazer supervised ARCO's Facilities Engineering Group, and played an instrumental role in the development of the 60-B Platform. In fact, DeShazer was known as "the father of the South Pass field."[5] At the time ARCO requested injunctive relief, ARCO was involved in litigation with SONAT concerning damages caused by an explosion and fire which completely destroyed the South Pass 60-B Platform; and DeShazer was serving as SONAT's litigation consultant. ARCO feared that if DeShazer revealed his extensive knowledge of the platform, in violation of his employment agreement, ARCO would suffer irreparable injury. Raymond Lechler testified that he and other ARCO employees "had a great deal of concern about what [DeShazer's] involvement could do to the case in terms of jeopardizing some sort of settlement." The evidence presented indicates that there was legitimate concern on the part of ARCO regarding DeShazer's involvement in the SONAT/ARCO litigation.
On January 18, 1990, the trial judge denied ARCO's request for a preliminary injunction and dissolved the temporary restraining order. In his reasons for judgment, the trial judge stated:
ARCO has an adequate remedy at law for Mr. DeShazer's alleged breach of fiduciary duty in a suit for damages. If ARCO suffers a loss of business as a result of any disclosure, this would be quantifiable in monetary terms. Further, ARCO may prevent disclosure of confidential information in the discovery process of its pending lawsuit through a protective order.
Under the particular facts and circumstances of this case, we conclude that ARCO *846 did not act in an outrageous or egregious manner when it sought and obtained the temporary restraining order. Moreover, we find that DeShazer's mental anguish as a result of the temporary restraining order was not severe. The testimony of DeShazer and his wife indicates that during the period in which the temporary restraining order was in effect, DeShazer merely felt depressed and was unable to concentrate. Further, no physician, psychiatrist, psychologist or other disinterested individual testified as to DeShazer's mental state during that time period. The evidence presented simply does not indicate that there was "an especial likelihood of genuine and serious mental distress." Moresi, 567 So.2d at 1096. Therefore, the trial judge was correct in denying DeShazer mental anguish damages. The court of appeal erred in finding otherwise. Accordingly, we must reverse.

Decree
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it held that DeShazer was entitled to $25,000 in mental anguish damages pursuant to La. Code Civ. P. 3608. The judgment is amended to assess costs equally between ARCO and DeShazer. ARCO's assignment of error in its original application to this court regarding the award of damages for loss of income is denied.
JOHNSON, J., concurs in part and dissents in part and assigns reasons.
JOHNSON, J., Concurring in Part, Dissenting in Part.
I would affirm the judgment of the Court of Appeal awarding damages for loss of income and mental anguish. I dissent in the denial of mental anguish damages and concur in the remaining matters.
NOTES
[*] Kimball, J. not on panel. Rule IV, Part 2, § 3.
[1] The temporary restraining order remained in effect from July 11, 1989 to January 18, 1990, a period of six months.
[2] DeShazer argues that by relying solely on Fontenot, the trial judge failed to use his discretion as required under Article 3608. However, the trial judge did use his discretion to deny an award of loss of income damages and attorney fees. Therefore, it could be reasonably inferred that the trial judge would have used his discretion to deny mental anguish damages had he not relied on Fontenot.
[3] DeShazer did not apply to this court for writs. Therefore, that portion of the judgment is final.
[4] We note that there are additional remedies which may be available to a wrongfully enjoined defendant. These remedies include an action for malicious prosecution or a claim for sanctions pursuant to La.Code Civ. P. art. 863.
[5] This statement is according to the testimony of Raymond Lechler, an electrical engineer and former ARCO employee.