JaSHORTESS, J.
Terrebonne Parish Consolidated Government (the Parish) obtained a temporary restraining order (TRO) against the Houma Municipal Fire and Police Civil Service Board (the Board) and the State of Louisiana through the Office of the State Examiner for the Municipal Fire and Police Civil Service, delaying the administration of an eligibility test for the job of fire training officer for the Houma Fire Department. Three captains who had been scheduled to take the test, Daniel Scott, Brian Hebert, and David Lopez (intervenors), intervened in the suit, seeking damages for wrongful issuance of the TRO. After a trial on the merits, the trial court denied an injunction, finding the Parish had failed to show irreparable harm or loss would result by administration of the test as planned. The court further found interve-nors had suffered mental distress as a result of the wrongful issuance of the TRO. The court ordered the Parish to pay the Board’s and intervenors’ attorney fees and awarded mental-distress damages of $5,000.00 to Lopez and $2,500.00 each to Scott and Hebert. The Parish appeals only the awards to inter-venors for mental distress. The portion of the judgment awarding attorney fees was not appealed and is now final.
The Parish contends that the trial court erred in finding it was in bad faith in obtaining the TRO, that it committed legal error in awarding damages for mental distress, and that the amount of damages awarded was excessive. At the time the trial court made its ruling, the law was unsettled as to whether damages for mental distress for wrongful issuance of a TRO were allowable under Louisiana Code of Civil Procedure article 3608. Our supreme court has now resolved this issue in Arco Oil & Gas Company v. DeShazer,[1] finding damages for mental distress are awardable under article 3608 “only in the presence of special circumstances involving outrageous or egregious conduct.”[2] Furthermore, only genuine, serious, severe emotional damage is compensable.[3] The trial court, without the supreme court’s recent guidance, used a different standard and thus committed legal error. Consequently, we must conduct a de novo review.
IsThe standard enunciated in Arco is the same standard used to award damages for negligent and intentional infliction of mental distress. The supreme court cited its earlier cases of White v. Monsanto Company[4] and Moresi v. State Department of Wildlife and *1084 Fisheries[5] for that test. In White, the court defined extreme and outrageous conduct as conduct “so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.”[6] It further defined the distress that must be suffered before damages can be awarded as “such that no reasonable person could be expected to endure it. Liability arises only where the mental suffering or anguish is extreme” and does not include “just some lesser degree of fright, humiliation, embarrassment, worry, or the like.”[7]
We need not address whether the Parish’s conduct in this case was extreme or egregious because intervenors have failed to show they are entitled to damages, even if the conduct did meet that criterion. Scott stated he had suffered humiliation, worry, and emotional concern, and that he had “tried to cry 10 times, but ... didn’t.” He had not sought medical attention. Hebert stated he had “had a lot of sleepless nights” and was upset, but he had not sought medical attention either.
Three days before the trial on the injunction, Lopez went to Terrebonne General Medical Center, where he was diagnosed as suffering from anxiety and given a prescription for an anti-anxiety medication. He testified, however, that on the day of the anxiety attack, he was nervous and upset for three reasons. First, he was contemplating filing a complaint with the Equal Employment Opportunity Commission against the acting fire chief over an incident that occurred in 1996, and he had one day left to decide whether to file the action. That incident involved Lopez’s refusal to attend the 1996 Firemen’s Mass, a special Catholic mass for firemen, and had nothing to do with the test for fire training officer. Second, Lopez attended the 1997 Firemen’s Mass but sat in the back of the church, and he had heard from other firemen that the acting chief was not pleased. Third, he was afraid and concerned because he had heard the acting chief had threatened to punish other firemen who did not support the chiefs Uposition on having the qualifications for the eligibility test changed, and the chief knew Lopez also opposed his position.
None of the intervenors showed mental distress “such that no reasonable person could be expected to endure it.” The trial court thus erred in awarding damages for mental distress to intervenors, and that portion of the judgment must be reversed. Judgment is hereby rendered dismissing in-tervenors’ claims for mental distress. Inter-venors are cast for all costs of this appeal.
REVERSED AND RENDERED.
| Rehearing GRANTED
Rehearing granted for the limited purpose of addressing the issue of the award of attorney fees to intervenors.
On original hearing, we found plaintiff had appealed only the portion of the judgment awarding damages for mental distress, and not the portion awarding attorney fees. On appeal, plaintiff points out that while it did not expressly state it was appealing the award of attorney fees, it impliedly did so in its assignments of error dealing with the finding of bad faith and the amount of damages. Upon reconsideration, we agree.
On original hearing, we conducted a de novo review and found intervenors failed to prove they were entitled to damages under Louisiana Code of Civil Procedure article 3608. Having failed to prove they were entitled to damages, intervenors cannot be entitled to attorney fees. We thus amend our original judgment to render judgment dismissing all of intervenors’ claims, including their claims for attorney fees, at intervenors’ cost.

. 98-1487, 1999 WL 21327 (La. 1/20/99), 728 So.2d 841.

. Id. at p. 4, at 845.

. Id. at pp. 3-4, at 845.

. 585 So.2d 1205 (La.1991).

. 567 So.2d 1081 (La. 1990).

. 585 So.2dat 1209.

.Id. at 1210.