# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 19-750


**DESHOTELS PLANTATION, LLC**

**VERSUS**

**TORRENT GULF COAST, LLC AND TORRENT OIL, LLC**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2019-6751-A
HONORABLE KERRY LYNDON SPRUILL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**BILLY HOWARD EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billy Howard Ezell, Phyllis M. Keaty, and Van H. Kyzar, Judges.


**JUDGMENT VACATED AND SET ASIDE; ATTORNEY FEES AWARDED; CASE REMANDED.**

**Samuel E. Masur**
**Paul B. Simon**
**Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC**
**400 E. Kaliste Saloom, #4200**
**Lafayette, LA 70508-8517**
**(337) 237-0132**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Torrent Gulf Coast, LLC**
    **Torrent Oil, LLC**

**H. Bradford Calvit**
**Provosty, Sadler & deLaunay**
**934 Third Street, Ste. 800**
**Alexandria, LA 71315-3530**
**(318) 445-3631**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Torrent Gulf Coast, LLC**
    **Torrent Oil, LLC**

**Guy Earl Wall**
**Sara Lewis**
**Wall, Bullington & Cook, LLC**
**540 Elmwood Park Blvd**
**Harahan, LA 70123**
**(504) 736-0347**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Deshotels Plantation, LLC**
    **Benjamin Deshotels**
    **Patrick Deshotels**

**EZELL, Judge.**

The issue in this case is whether a preliminary injunction prohibiting Torrent Gulf Coast, LLC and Torrent Oil, LLC (collectively referred to as Torrent) from entering onto two tracts of land is invalid and was improperly issued. Torrent argues that the injunction deprives it of its property rights concerning its mineral servitude and lease, which could expire if Torrent is not allowed access, causing Torrent severe and irreparable harm. On appeal, Torrent complains about several legal deficiencies with the judgment.

## FACTS

The W.A. Moncrief, Jr. Trust previously owned land in Avoyelles Parish. In 1999, Deshotels Plantation, LLC purchased approximately 4,000 acres from Moncrief. As part of the sale, Moncrief reserved a mineral servitude and a right of use/servitude of passage. The corporate representative for Deshotels Plantation is Danny Deshotels. Danny has two sons, Benjamin and Patrick. At that time, Deshotels Plantation conveyed 745 acres to each son in what is known as the Deshotels Plantation Tract.

On May 19, 2005, Southern Trace Plantation Partnership sold Danny and his wife 1,658.30 acres. This land is south of the Deshotels Plantation Tract and is known as the Southern Trace Tract. Moncrief previously sold this tract, as part of a larger tract of land, to Southern Trace Plantation Partnership in 1999. Moncrief also reserved a mineral servitude and a right of use/servitude of passage as part of this sale. While Moncrief still owned the two tracts of land, it drilled two wells on the Southern Trace Tract, the Roy O. Martin, Jr. # 1 well and the Roy O. Martin, Jr. B # 2 well.

A third tract of land is involved in this appeal. In 2003, Paul Smith sold 109 acres located north and west of the Deshotels Plantation Tract to Danny. Moncrief never had an interest in this tract of land.

Torrent is an oil and gas operator which acquired partial ownership of the Moncrief mineral servitudes and mineral leases within the acreage covered by the mineral servitudes in 2017. In 2018, Moncrief assigned its right of use/servitude of passage it previously reserved in the sales of the Deshotels Plantation Tract and the Southern Trace Tract to Torrent.

The AUS RA SU XX Unit was created pursuant to Louisiana Office of Conservation Order No. 1042-A-11, effective February 15, 2018. The unit is located on the Southern Trace Tract where the previous wells were drilled. Torrent was designated operator of the unit and received a permit to drill from the Office of Conservation. In early 2019, Torrent went to the location to analyze the well site. When it returned a few weeks later, it found that a hog pen was built on the site and a ditch was dug across the access road.

On April 2, 2019, counsel for Torrent sent a letter to counsel representing Danny Deshotels and his wife, owners of the Southern Trace Tract. The letter explained that Torrent intended to access its mineral servitude and leased acreage from the east using the assigned right of use/servitude of passage. The letter also asked if the landowners would like Torrent to backfill the cut or install a culvert. An inquiry was also made as to whether the landowners were going to remove the hog pen or would they like Torrent to remove the hog pen.

On May 14, 2019, Deshotels Plantation, Benjamin Deshotels, and Patrick Deshotels filed a petition for injunction and preliminary injunction. Plaintiffs claimed that the servitudes of passage no longer existed and asked that Torrent be

permanently enjoined from using the servitudes of passage. On May 20, 2019, Torrent filed a reconventional demand and petition for injunction and damages. Torrent sought a permanent injunction prohibiting Plaintiffs from interfering with its use of the servitudes of passage. Torrent also wanted a judgment recognizing its right to use the servitudes of passage and ordering Plaintiffs to remove any barriers interfering with its use of the rights-of-way. Torrent also sought damages and attorney fees. Torrent asked that a hearing on its request for preliminary injunction be held at the same time as Plaintiffs' hearing on their request for a preliminary injunction which was set for May 28, 2019. The trial court denied Torrent's request.

A hearing was held on Plaintiffs' petition for preliminary injunction on May 28, 2019. Following the hearing, a judgment was entered on July 15, 2019, enjoining Torrent from entering the Deshotels Plantation Tract and the 109-acre tract. Torrent appealed the judgment to this court. On appeal, Torrent argues that there are legal deficiencies with the judgment. It first argues that the preliminary injunction was wrongfully issued without notice and beyond what was requested in the petition, rule to show cause, and stipulation. Torrent next argues that the preliminary injunction should not have been issued as to the 109-acre tract since no Plaintiff owns it. Finally, Torrent argues that the preliminary injunction was wrongfully issued because it did not require Plaintiffs to post security.

## STANDARD OF REVIEW

Torrent does not appeal the factual findings by the trial court. Torrent does appeal legal deficiencies in the judgment granting the preliminary judgment. A trial court has broad discretion in its decision to grant or deny a preliminary injunction and that decision will not be disturbed on review absent an abuse of that

3

discretion. *Yokum v. Pat O'Brien's Bar, Inc.*, 12-217 (La.App. 4 Cir. 8/15/12), 99 So.3d 74. "That broad standard is, of course, based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion." *Id.* at 80. When errors of law are involved in the granting of a preliminary injunction, a de novo standard of review is applied. *Meredith v. I Am Music, LLC*, 18-659 (La.App. 4 Cir. 2/13/19), 265 So.3d 1143.

### 109-ACRE TRACT

Torrent argues that the preliminary injunction should not have been issued as to the 109-acre tract without a showing of irreparable harm, as no Plaintiff owns it.

An injunction is mandated by La.Code Civ.P. art. 3601 when an applicant establishes that he will suffer irreparable injury, loss, or damage, or in other cases specifically provided by law. However, when an applicant is seeking injunctive relief to protect rights in immovable property, a showing of irreparable harm is not required. La.Code Civ.P. art. 3663. In order to be entitled to a preliminary injunction under La.Code Civ.P. art. 3663, one must possess a real right to the property. *Meredith v. Tram Invs., Inc.*, 48,570 (La.App. 2 Cir. 12/30/13), 130 So.3d 469.

No one contests that the 109-acre tract was owned by Danny Deshotels. While Danny Deshotels is a corporate representative of Deshotels Plantation, Danny Deshotels the individual is not a named plaintiff seeking injunctive relief in the case. Therefore, the trial court erred in granting injunctive relief as it regards the 109-acre tract since no Plaintiff owns a real right in the 109-acre tract.

**NOTICE**

After the hearing, the parties did enter into a joint stipulation that the issue of non-use of the servitude of passage was tried and submitted to the trial court. We do agree with Plaintiffs that this did not limit the issues that could be entertained at the hearing. However, the parties were still limited by the notice requirements of La.Code Civ.P. art. 3602 and the opportunity to be heard.

Torrent argues that the judgment does not simply respond to Plaintiffs' request that Torrent be enjoined from using the servitudes of passage on the Deshotels Plantation Tract. Torrent argues that the preliminary injunction goes beyond Plaintiffs' request and enjoins Torrent "from entering on" the Deshotels Plantation Tract. Torrent takes the position that it has mineral rights in the Deshotels Plantation Tract and in the neighboring Southern Trace Tract, and the preliminary injunction prevents it from exercising these property rights without notice that the rights could be affected. Torrent argues that the issue of non-use of the mineral servitudes was not an issue to be tried at this preliminary injunction hearing.

Plaintiffs claim that Torrent consented to the issue of non-use of the mineral servitude by allowing evidence of mineral servitudes and mineral leases which permitted them to go on the Deshotels Plantation Tract. They also claimed that the issue was raised in the reconventional demand.

"A preliminary injunction shall not issue unless notice is given to the adverse party and an opportunity had for a hearing." La.Code Civ.P. art. 3602. A judgment which goes beyond the request for injunctive relief, including the fact that the parties did not agree to try the issue, is invalid. *Farmer's Seafood Co., Inc. v. State ex rel. Dept. of Pub. Safety*, 10-1534 (La. 9/3/10), 44 So.3d 676.

Regarding the evidence of the mineral servitudes, both parties introduced testimony and evidence of the mineral rights. A review of the testimony and evidence at the hearing clearly indicates that the parties discussed mineral rights for the purpose of showing how and when the servitudes of passage were used to access the mineral rights. Evidence and testimony regarding the mineral servitudes and what work was performed on the oil wells was introduced to establish the timetable of the use of the servitudes of passage on the Deshotels Plantation Tract and the Southern Trace Tract.

Additionally, the trial court denied Torrent's request that its reconventional demand be heard at the same time as the hearing on Plaintiffs' request for a preliminary injunction. At the start of the hearing, Plaintiffs' counsel and the trial court agreed that the reconventional demand would not be considered at that hearing indicating that it was scheduled to be heard on another date. Furthermore, the trial court acknowledged it was only addressing the right of Torrent to use the servitudes of passage in its reasons for judgment:

> The sole issue remaining for consideration by this Court is whether defendant, Torrent, has proved use of the right of use/servitude of passage on Deshotels (Tract 2) [Deshotels Plantation Tract] from May 28, 2009 until present. As the hearing in this case was held May 28, 2019, defendant had the burden to prove that W. A. Moncrief, Jr. Trust used Moncrief Plantation Road on or after May 28, 2009. This Court finds that after a thorough and careful review of the evidence presented at hearing, defendants failed in this burden of proof for the following reasons.

While disagreeing with the trial court's final ruling, Torrent acknowledges that it is not appealing the trial court's ruling which is entitled to considerable discretion. Torrent appealed the trial court's judgment contending that it goes beyond Plaintiffs' request for a preliminary injunction. We agree. The judgment does not simply deny Torrent the right to use the servitudes of passage, it denies

Torrent any access to the tract of land where its mineral servitudes and leases are located. The only issue to be decided at this preliminary injunction hearing was Torrent's right to access the servitudes of passage assigned to it. We find the preliminary injunction was overly broad by enjoining Torrent access to the Deshotels Plantation Tract. The trial court erred in not limiting the preliminary injunction to the servitudes of passage.

## SECURITY

Torrent also assigns as error the trial court's failure to require Plaintiffs to post security. Plaintiffs argue that security was not required.

Louisiana Code of Civil Procedure Article 3610 (emphasis ours) provides for security for the issuing of a preliminary injunction as follows:

> A temporary restraining order or preliminary injunction **shall not issue unless the applicant furnishes security in the amount fixed by the court**, except where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained. However, no security is required when the applicant for a temporary restraining order or preliminary or permanent injunction is seeking protection from domestic abuse, dating violence, stalking, or sexual assault.

Plaintiffs argue that security is not required because La.Code Civ.P. art. 3663 provides for injunctive relief to a possessor of immovable property without a showing of irreparable harm. While La.Code Civ.P. art. 3663 lessens the burden of proof, there is no language that dispenses with the posting of security required by La.Code Civ.P. art. 3610. Furthermore, La.Code Civ.P. art. 3663 specifically refers to the availability of injunctive relief under Chapter 2 of Title I of Book VII which includes La.Code Civ.P. art. 3610.

When a preliminary injunction is issued without the posting of security as required by law, the preliminary injunction is invalid and should be vacated.

*Lambert v. Lambert*, 480 So.2d 784 (La.App. 3 Cir. 1985); *Zeta-Caiman, LTD. v. Naik*, 566 So.2d 1016 (La.App. 3 Cir. 1990); *Licfro, Inc. v. State, ex rel Dept. of Revenue, Office of Alcohol and Tobacco Control*, 03-737 (La.App. 4 Cir. 10/1/03), 859 So.2d 739. We recognize that the fourth circuit has remanded cases to the trial court to post bond when the plaintiff's right to the injunction seems beyond question. *Ard v. GrrlSpot, LLC*, 19-312 (La.App 4 Cir. 10/23/19), ___ So.3d ___. However, such is not the case here as we have already found the preliminary injunction was issued on land not owned by Plaintiffs and was overly broad regarding the Deshotels Plantation Tract.

The trial court was mandated to require security, and we find it was error not to do so. Therefore, we find the judgment of the trial court is invalid and should be vacated.

## DAMAGES AND ATTORNEY FEES

Torrent seeks damages and attorney fees for the wrongfully issued preliminary injunction. They acknowledge that they have not yet proven damages, but ask that this court recognize their entitlement to damages. As for attorney fees, Torrent argues that this court can still award attorney fees for work performed by the appeal.

Louisiana Code of Civil Procedure Article 3608 provides, in pertinent part:

> The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.

Torrent requested damages and attorney fees in its reconventional demand. As previously stated, the hearing on Torrent's reconventional demand was set for

another day. This issue has yet to be decided by the trial court which has discretion in deciding an award of damages and attorney fees under La.Code Civ.P. art. 3608. *Jennings Guest House v. Gibson*, 07-912 (La.App. 3 Cir. 12/5/07), 971 So.2d 506. Therefore, we remand the case to the trial court for consideration of the damages and attorney fees when it considers the reconventional demand. *See Denta-Max v. Maxicare Louisiana, Inc.*, 95-2128 (La.App. 4 Cir. 3/14/96), 671 So.2d 995.

However, La.Code Civ.P. art. 3608 does allow an award of attorney fees for services rendered on appeal in connection with the dissolution of the preliminary injunction. *Scheyd, Inc. v. Jefferson Parish Sch. Bd.*, 412 So.2d 567 (La.1982); *Fontenot v. Petmecky*, 386 So.2d 702 (La.App. 3 Cir. 1980), *overruled on other grounds by Arco Oil & Gas Co., Div. of Atl. Richfield Co. v. Deshazer*, 96-1344 (La.App. 3 Cir. 5/6/98), 714 So.2d 806. "The basis for awarding . . . attorney's fees for work performed on appeal is that the litigant incurred additional expenses to protect rights . . . established at the trial level." *Vander v. Safeway Ins. Co. of LA.*, 08-888, p. 12 (La.App. 3 Cir. 2/25/09), 5 So.3d 968, 976. Therefore, we find that $5,000 is an appropriate amount for work performed on this appeal considering the arguments presented and the successful dissolution of the preliminary injunction.

For the reasons set forth in this opinion, the judgment of the trial court granting Plaintiffs' preliminary injunction is vacated and set aside. We award $5,000 in attorney fees for work performed on appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed equally to Deshotels Plantation, LLC, Benjamin Deshotels, and Patrick Deshotels.

**JUDGMENT VACATED AND SET ASIDE; ATTORNEY FEES AWARDED; CASE REMANDED.**