# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 05-721


FELIX MOUTON, JR.

VERSUS

RAPIDES PARISH POLICE JURY


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 218920
HONORABLE GEORGE C. METOYER, DISTRICT JUDGE


**********

J. DAVID PAINTER
JUDGE
**********


Court composed of John D. Saunders, Jimmie C. Peters, Marc T. Amy, Michael G. Sullivan, and J. David Painter, Judges.

**AFFIRMED AS AMENDED.**

**SAUNDERS, J., dissents and assigns written reasons.**

**Daniel E. Broussard, Jr.**
**P.O. Box 1311**
**Alexandria, LA  71309**
**Attorney for Defendant-Appellant:**
     **Rapides Parish Police Jury**

**Malcolm X. Lavardain**
**626 Eighth St.**
**Alexandria, LA  71301**
**Attorney for Plaintiff-Appellee:**
     **Felix Mouton, Jr.**

PAINTER, Judge.

The Defendant, Rapides Parish Police Jury ("the RPPJ"), appeals the trial court's failure to award damages for wrongful issuance of a temporary restraining order (TRO). The Plaintiff, Felix Mouton, Jr., answered the appeal asserting that the trial court erred in assessing him with attorney's fees pursuant to La.Code Civ.P. art. 3608. Finding that an award of damages is appropriate, we amend the judgment of the trial court and affirm the judgment as amended.

FACTS AND PROCEDURAL HISTORY

Mouton was employed by the RPPJ as Work Investment Action Operations Director. He was placed on administrative leave with pay pending an investigation of certain complaints. At its scheduled meeting on November 8, 2004, the RPPJ planned to consider terminating Mouton's employment. On that date, Mouton obtained an *ex parte* TRO restraining the RPPJ from terminating him or altering any term of his employment at that meeting. On November 9, 2004, Mouton filed a Petition for Injunction seeking a preliminary injunction in the form of the TRO and asking for damages under the Louisiana Whistleblower Statute, La.R.S. 23:967.

The RPPJ responded by filing a dilatory exception of unauthorized use of summary proceedings. Therein, it asserted that the issuance of a TRO without notice to the RPPJ was inappropriate under the provisions of La.Code Civ.P. art. 3603. The RPPJ also filed a motion to dissolve the TRO and an exception of no cause of action, asserting again that the TRO was wrongfully issued and, additionally, that Mouton had no cause of action under La.R.S. 23:967.

At a January 3, 2005 hearing on the petition for injunctive relief and the exception of unauthorized use of summary proceedings, Mouton moved to dismiss

1

all his claims for injunctive relief with prejudice. The court granted that motion and dismissed the claims for injunctive relief.

On January 31, 2005, a hearing was held on the RPPJ's exception of no cause of action and its motion for attorney's fees and damages in connection with the wrongful issuance of the TRO. The trial court granted the exception and awarded attorney's fees in the amount of $4,947.87 but denied the request for damages. The RPPJ appeals this ruling. Mouton filed an Answer to Appeal.

DISCUSSION

*Motion to Dismiss Answer to Appeal*

In his answer to the appeal, Mouton asserts that the trial court erred in awarding attorney's fees . The RPPJ argues that the answer to its appeal should be dismissed because Mouton acquiesced in the judgment by paying the attorney's fee. La.Code Civ.P. art. 2085 states that:

> An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.

However, "[t]he party alleging acquiescence must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce." *Vincent v. State Farm Mut. Auto. Ins. Co.*, 95-1538, pp. 3-4 (La.App. 3 Cir. 4/3/96), 671 So.2d 1127, 1129 (citation omitted). We find no evidence of record to establish that Mouton paid the fees, much less that he intended to acquiesce in the judgment.

*Attorney's Fees*

Mouton asserts that the trial court erred in awarding attorney's fees. He suggests that attorney's fees were not warranted because he voluntarily dismissed the

TRO after the discovery process revealed that he did not have a basis for arguing for existing law to be overturned. It is well settled, however, that even where "an injunction [is] voluntarily dismissed, attorney's fees may still be awarded if the injunction was wrongfully issued." *Scheyd, Inc. v. Jefferson Parish Sch. Bd.*, 412 So.2d 567, 569 (La.1982) (citation omitted).

In this case, Mouton had a TRO issued without notice. He admitted in his "Certificate of Compliance with La. Code of Civil Procedure Article 3603" that he did not attempt to notify the RPPJ. Further, the harm to which he would have been exposed by the RPPJ's action, termination of his employment, would have been pecuniary. Louisiana Code of Civil Procedure Article 3603 provides, in pertinent part, that:

> A. A temporary restraining order shall be granted without notice when:
>
> (1) It clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and
>
> (2) The applicant's attorney certifies to the court in writing the efforts which have been made to give the notice or the reasons supporting his claim that notice should not be required.

"Irreparable injury is injury or loss for which damages cannot be measured by a pecuniary standard or which cannot be adequately compensated in money damages." *Brannan v. Talbot*, 29,692, p. 10 (La.App. 2 Cir. 4/2/97), 691 So.2d 848, 854, *writ denied*, 97-1419 (La. 9/19/97), 701 So.2d 172 (citations omitted). *See also Succession of Vice*, 385 So.2d 554 (La.App. 3 Cir.), *writ refused*, 392 So.2d 1066 (La.1980). Therefore, the trial court correctly concluded that the TRO was wrongfully issued.

3

Furthermore, Louisiana Code of Civil Procedure Article 3608 provides that:

> The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or a preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on a motion or after trial on the merits.

Accordingly, the determination as to whether to award attorney's fees is within the trial court's discretion. The decision to award attorney's fees in this case is well founded. Although the claims for injunctive relief were ultimately dismissed voluntarily, the RPPJ had no way of knowing that this would be the outcome and had to defend themselves from the claims while Mouton continued to pursue them. The bill rendered by counsel for the RPPJ and the check evidencing payment thereof by the RPPJ were filed into evidence. The bill shows two months of services, including attendance at depositions, court hearings, and conferences and pleadings drafted and filed. Mouton does not contest the amount charged by counsel for the RPPJ. In light of these factors, the award of attorney's fees made by the trial court was not an abuse of discretion.

*Damages*

The RPPJ contends that the trial court erred in failing to make an award of damages for wrongful issuance of the TRO. Mouton, on the other hand, argues that the decision to award damages is purely discretionary with the trial court and that its decision should not be overturned by this court. He further argues that, since he voluntarily dismissed the TRO after discovering that he did not have an adequate basis to challenge existing law, the trial court did not abuse its discretion in refusing to award damages. As we have stated, the RPPJ had no way of knowing that Mouton

4

did not intend to pursue his claim. Further, while the wrongfully issued TRO was in effect, the RPPJ continued to pay Mouton's salary and fringe benefits while he continued on administrative leave. While it is true that the trial court has great discretion in deciding whether to make an award of damages in connection with the dissolution of a wrongfully issued TRO, that discretion is not unlimited. Damages should be awarded where they are appropriate.[1] In this case, an award of damages is warranted in the amount of salary and fringe benefits paid between November 8, 2004 and January 5, 2005, a total of $10,256.51.

## CONCLUSION

For these reasons, the RPPJ's motion to dismiss Mouton's answer to the appeal is denied. The trial court's award of attorney's fees is affirmed. The judgment of the trial court is amended to include an award of damages in the amount of $10,256.51. Costs of appeal are assessed to the Plaintiff, Felix Mouton, Jr.

AFFIRMED AS AMENDED.

---

[1]Although that case was reversed on other grounds by the Lousiana Supreme Court, we agree with the reasoning in this regard set out in *ARCO Oil & Gas Co., a Div. of Atlantic Richfield Co. v. Deshazer*, 96-1344 (La.App. 3 Cir. 5/21/97), 698 So.2d 408, *reversed on other grounds*, 98-1487 (La.1/20/99), 728 So.2d 841.

NUMBER CA 05-0721

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

FELIX MOUTON, JR.

VERSUS

RAPIDES PARISH POLICY JURY

SAUNDERS, J., dissents and assigns written reasons.

**DISSENT**

I respectfully dissent. I agree with the majority on all matters except the issue of damages. The majority notes that awarding damages is within the trial court's discretion and should not be overturned absent abuse. It is then noted that the trial court's discretion is not unfettered and the majority concluded that damages should be awarded in the amount of salary and fringe benefits paid to plaintiff while the TRO was in effect. I disagree. Plaintiff dismissed his claims for injunctive relief after investigating and analyzing his legal position. He conducted what certainly appears to have been a good faith investigation into his legal rights and then simply decided not to pursue his claim. It is also noteworthy that defendant chose to place Mr. Mouton on leave during the two months in question. Had they not done so, he would have been at work and would have earned his wages. Under these circumstances, I do not believe that the trial court abused its discretion by failing to award damages in the amount of the salary paid to Mr. Mouton while he was in the process of analyzing his legal position.