ROBERT M. MURPHY, Judge.
laThis matter concerns the Jefferson Parish Council’s method of selecting a contractor to operate and to perform some construction at the Jefferson Parish landfill. Waste Management of Louisiana, L.L.C. (“Waste Management”) appeals the denial of its request for a declaratory judgment declaring the invalidity of Resolution No. 117202 and of its motion for preliminary injunction seeking to estop the Parish contract with IESI La. Corporation, now Progressive Waste Solutions of LA, Inc. (“IESI”). For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On February 25, 2011, pursuant to Ordinance No. 21587, Jefferson Parish issued request for proposal no. 0227 (“RFP 0227”) seeking qualified proposals for construction and operation of Phase IV of the Jefferson Parish landfill. Phase III was scheduled for completion by the incumbent contractor, Waste Management, in early 2013. Three entities submitted proposals: Waste Management; IESI LA Corporation, now Progressive Waste Solutions of LA, Inc. (“IESI”); and Browning-Ferris Industries (“BFI”). The Jefferson Parish evaluation committee scored the proposals as follows:
UWaste Management: 960.65 points
ikSI: 940.15 points
BFI: 925.75
IESI had the most technical points, and BFI, the most financial points.
On June 24, 2011, after advertisement for RFP 0227 but before the Council vote, a statutory amendment to the public bid law took effect: the statutory definition of “public work” was amended to include “operation.” La. R.S. 38:2211(A)(12).
On August 10, 2011 during its regular meeting, the Jefferson Parish Council considered the three proposals and heard two complaints alleging Waste Management’s deficient performance in controlling odors. The Council unanimously passed Resolution No. 117202 selecting IESI’s proposal and directed the Parish Attorney to begin negotiations with IESI to operate the *246 landfill after Waste Management’s contract terminated. A non-exclusive contract with IESI has since been executed.
On February 13, 2012, Waste Management filed a petition for a declaratory judgment and alternatively for injunctive relief in the Twenty-Fourth Judicial District Court, requesting a declaratory judgment that the approval of IESI’s proposal was void ab initio for failure to comply with the Parish ordinance and the terms of RFP 0227, and ordering the Parish to negotiate a landfill contract with' Waste Management, or alternatively, seeking to enjoin the Parish from entering into a contract with IESI.
On February 17, 2012, IESI filed a motion for leave of court to file a petition for intervention to oppose Waste Management’s request for injunctive relief. The trial court granted leave to IESI to intervene on February 23, 2012. Waste Management’s motion for a new trial on the granting of leave to intervene was denied following the denial of its opposition to the intervention.
|fiOn March 2, 2012, the trial court held a hearing in these matters and gave oral reasons. On March 14, 2012 in a written judgment, it denied Waste Management’s motion for a preliminary injunction, denied its request for a declaratory judgment and assigned written reasons. The trial court found that La. R.S. 33:4169.1 governed the matter as it was more specific than the Louisiana public bid law, La. R.S. 38:2211 et seq.; that the amendment to the public bid law did not apply retroactively as it was substantive; that the Legislature did not expressly intend that it would apply retroactively; and that in denying injunc-tive relief, there was no violation of the RFP or ordinance.
On March 7, 2012, the Council unanimously approved the contract with IESI.
Waste Management appeals the denial of its request for a declaratory judgment and its motion for a preliminary injunction. ISSUES
Appellant Waste Management contends the district court erred in denying its request for a declaratory judgment declaring Resolution No. 117202, passed by the Jefferson Parish Council on August 10, 2011, void ab initio, due to its failure to comply with the public bid law, La. R.S. 38:2211 et seq. Alternatively, Waste Management contends that the trial court abused its discretion in denying Waste Management’s motion for a preliminary injunction to prohibit Jefferson Parish from entering into the contract with IESI due to violations of RFP 0227 and Ordinance No. 21587.
Appellant contends that the operation of the Parish landfill constituted a public work as of June 24, 2011, and that public works must be let in compliance with the public bid law. It contends that the Parish erred in using the RFP process after June 24, 2011, and further that the Council violated its own mandates of the RRFP and Parish ordinance. Waste Management also contends the RFP was violated by the Parish Attorney’s erroneous instruction to disregard price as a controlling factor, allowing the Council to place too much weight on one factor odor.
Appellant contends that La. R.S. 33:4169.1 is not applicable to this contract. It contends rather that La. R.S. 38:2211(A)(12) controls and calls for the public bid law to be followed. Appellant argues that this statute includes all contracts for trash disposal and landfill operation and that La. R.S. 38:2211(A)(12) supersedes La. R.S. 33:4169.1.
Waste Management further contends that the issue of retroactivity is not applicable as the language of La. R.S. 38:2212(A)(l)(a) creates a rigid two-step process: first advertising and then letting *247 the contract. Appellant argues that the amendment to the public bid law went into effect after the advertising and before the letting, thus making the amendment controlling over the letting and negotiation of the landfill contract. Under Waste Management’s argument, the letting process would be controlled by the public bid law and require that the low bid be accepted. Appellee Jefferson Parish and intervenor IESI contend that the trial court was not required to follow the public bid law in awarding a non-exclusive municipal contract for trash collection and disposal. They contend the more specific statute, La. R.S. 33:4169.1, controls versus the recently amended definitional statute in Title 38 which substantively redefined public works in the public bid law to include “operation,” but did not include trash collection and disposal in that definition.
The Parish and IESI contend the trial court was correct in finding the Parish was not required to follow the public bid law in awarding a non-exclusive contract for garbage disposal as set out in RFP 0227. They aver that the construction |7element in a trash collection and disposal contract does not render it governed by the public bid law. They further contend the trial court did not err in denying Waste Management’s motion for a preliminary injunction as Jefferson Parish did not violate the terms of RFP 0227 and Ordinance No. 21587, and Waste Management failed to prove any potential irreparable harm.
Jefferson Parish contends that the Jefferson Parish Council did not violate Parish law in voting to negotiate with IESI pursuant to RFP 0227. It avers that the trial court correctly denied injunctive relief because Waste Management could adequately be compensated by monetary relief, if later found to be correct, and that there was no showing of irreparable harm and no violation of law. It contends that the trial court correctly denied injunctive relief where suspension of the contractual negotiations with IESI would threaten the Parish’s ability to promptly dispose of waste that is generated within the Parish during the course of any litigation.
The Parish and IESI contend that the trial court correctly denied Waste Management’s request for injunctive and declaratory relief, by finding that the RFP was not null and void, where Waste Management itself sought to take advantage of the RFP and be awarded the contract. Based on these contentions, the issues are:
1. Which law applies to the award of the landfill contract at issue, La. R.S. 38:2211(A)(12) the amended public bid law requiring the award to the lowest bidder, or La. R.S. 33:4169.1 pertaining to landfills as professional service contracts to be awarded under the RFP process to the contractor “most advantageous” to the Parish?
2. Which statute is more specific?
3. Did the contract award an exclusive franchise so as to require application of the public bid law under both statutes?
4. Did the construction element of the contract require application of the public bid law?
5. Is the retroactivity of the amendment to the public bid law an issue?
|s6. Is the amendment substantive and therefore not retroactive?
7. Did the Parish violate the RFP or the ordinance?
8. Was the denial of injunctive relief clearly erroneous? Did the trial court abuse its discretion in denying Waste Management’s motion for preliminary injunction?
*248 STANDARD OF REVIEW
The issue of which law applies to the award of the instant contract requires interpretation as to the effect of an amendment of a statute and a determination of the applicable law to follow. These are questions of law requiring de novo appellate review. Red Stick Studio Dev’t, L.L.C. v. State of Louisiana, et al., 10-193, p. 9 (La.2011), 56 So.Sd 181, 187. The judgment of the trial court should remain undisturbed absent proof that its decision was legally incorrect. Metairie Country Club v. Louisiana Tax Comm’n, et al., OS-538, p. 6 (La.App. 5 Cir. 10/28/03), 860 So.2d 165,167.
The appellate court reviews the denial of a preliminary injunction under the manifest error standard. Ramsey’s Mfg. Jewelers, Inc. v. Ramsey, 05-307 (La.App. 5 Cir. 2/14/06), 924 So.2d 1045, 1057 (citing Mary Moe, L.L.C. v. Louisiana Board of Ethics, 03-2220, p. 9 (La.4/14/04), 875 So.2d 22, 29). Courts have great discretion in granting or denying a preliminary injunction. The trial court’s judgment shall not be disturbed “absent a clear abuse of discretion.” Novelaire Technologies, L.L.C. v. Harrison, 08-157, p. 5 (La. App. 5 Cir. 8/19/08), 994 So.2d 57, 60.
LAW AND DISCUSSION
The court must examine which law applies, the public bid law or the RFP law, in the context of a recent amendment to the public bid law. The amendment |9at issue became effective after the advertising for RFP 0227 and before the Council’s vote to award the contract. The public bid law provides in pertinent part:
All public works exceeding the contract limit as defined in this Section, including labor and materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done except as provided in this Part.
La. R.S. 38:2212(A)(l)(a).
Before the amendment to La. R.S. 38:2211(A)(12), public work was defined as the “erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity.” Id. The amendment to the definition of public work added “operation” to the previous definition. Acts 2011, No. 134 § 1. Significantly, the amendment did not add garbage and trash collection to the definition of public work.
La. R.S. 33:4169.1 permits a parish to enter into garbage collection and disposal contracts:
A. The governing authority of every parish or municipality shall have the following powers:
(1) To engage in the collection and disposal of garbage and trash within its jurisdiction in cooperation with, or to the exclusion of, other garbage and trash collectors.
(2) To grant permits, licenses, exclusive or nonexclusive franchises, or any combination thereof to garbage and trash collectors and disposers. Any exclusive franchise shall be granted only after advertising for bids, reception of bids, and awarding of the contract or contracts in accordance with the public bid laws of the state and other provisions of law.
(3) To enter into time contracts for the collection and transportation of garbage or trash for a term up to ten years, and for disposal of garbage or trash for a term of up to twenty-five years.
* * *
*249 (5) To otherwise regulate the collection and disposal of garbage and trash.
In reconciling these two statutes, the Louisiana Supreme Court has held that “[pjursuant to general rules of statutory construction, ‘where two statutes deal with |10the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.’ ” Filson v. Windsor Court Hotel, 04-2893, p. 4 (La.6/29/05), 907 So.2d 723, 726.
The trial court found that La. R.S. 33:4169.1 was more specific in governing waste disposal contracts. On our de novo review of the law, we find specific reference to landfills in La. R.S. 33:4169.1; whereas the public bid law, with or without the amendment to the definition of public work, has only general applicability and no such specificity. La. R.S. 33:4169.1 therefore controls as it is specifically on point. To rule otherwise would render La. R.S. 33:4169.1 meaningless.
The contract here is not an exclusive franchise and does not require application of the public bid law. If the Parish were to grant an exclusive franchise for such services, only then would it have been required to make the award under public bid law. Per La. R.S. 33:4169.1, the Parish had statutory authority to enter into contracts and grant exclusive or non-exclusive franchises with garbage and trash collectors. The RFP addendum no. three in this case added the following to Section 1.1.2: “[tjhis will be a non-exclusive contract between the Parish and the firm selected as the landfill operator.” For a non-exclusive franchise agreement, for collection and disposal of trash, such as the contract at issue, the Legislature did not require the application of the public bid law, applying La. R.S. 33:4169.1 instead.
The parties dispute the meaning of the Third Circuit’s holding in Waste Management of Central La. v. Beall, 03-1710 (La. App. 3 Cir. 8/04/04), 880 So.2d 923, ivrit denied, 04-2642 (La.1/14/05), 889 So.2d 269, in which the appellate court concluded that the trash contract at issue was not an exclusive franchise launder La. R.S. 33:4169.1 and reversed the trial court’s judgment finding that the public bid law applied. Waste Management cites language in that case that the public bid law did not apply since “operation” was not included in the definition of public work. Waste Management argues that since the post-Beall amendment, which added “operation,” applies to the facts here, the public bid law would now apply to the instant matter by implication. We find, however, that Beall is limited to its facts and appellant’s extrapolation is not persuasive.
In determining whether legislation is retroactive, Louisiana Civil Code article 6 provides that “[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.” La. R.S. 1:2 provides that “[n]o section of the Revised Statutes is retroactive unless it is expressly so stated.” We find the amendment to La. R.S. 38:2211(A)(12) to be substantive, and without any further legislative expression, the amendment must be applied prospectively only.
Waste Management also contends that retroactivity is not an issue and relies on the public bid law’s two-step process of selecting a contractor: advertising and then letting of the contract. It contends that the Council violated the public bid law in letting the contract to IE SI via the RFP *250 process on August 10, 2011 after the effective date of the amendment to the public bid law on June 24, 2011. However, we find Waste Management’s argument to be misplaced as the amendment would only pose an issue if the public bid law controlled. But as it has already been demonstrated that La. R.S. 33:4169.1 controls, this non-exclusive contract did not require application of the public bid law at any stage of the process. For the sake of argument, even if the amendment applied retroactively, this general amendment adding “operation” to La. | l2R.S. 38:2211(A)(12) would still not control over La. R.S. 33:4169.1, a statute on point regarding municipalities contracting for garbage collection.
The fact that this service contract, relating primarily to disposal of garbage, includes a construction component is of no moment. It remains a service contract not governed by the public bid law. See Wallace Stevens, Inc. v. Lafourche Parish Hasp. District No. 3, 308 So.2d 299 (La. App. 1 Cir.1975), ajfd, 323 So.2d 794 (La. 1975). The Parish also correctly relied on Attorney General Opinions 11-059, 09-087 and 97-239 in support of its position that contracts for collection, transportation and disposal of solid waste, unless exclusive franchises, may be negotiated by the RFP process and are not subject to the public bid law.
The RFP process began in this matter with Jefferson Parish Ordinance No. 21587. Section 2-895(2) requires the RFP to set forth evaluation criteria. The evaluation committee’s report is not binding on the Council; the broad statutory standard under the RFP process is for the Parish to select the “most advantageous” proposal. La. R.S. 38:2237(A)(8). This contrasts markedly to the public bid law requirement that contracts for public work “shall be advertised and let by contract to the lowest responsible bidder.” La. R.S. 38:2212(A)(l)(a).
Our upholding the RFP process, instead of the public bid process, negates Waste Management’s arguments regarding any advice council members may have received from the Parish Attorney to disregard price. We find that the Council had the broad and ultimate authority in awarding the contract “most advantageous” to the Parish, including hearing from the public regarding odors. In exercising its discretion in considering and weighing certain factors, the Parish did not violate the RFP and the ordinance. We further find that the legislative decision-making process may not be considered under the Privileges and Immunities Clause of the ^Louisiana Constitution. The thought processes of local legislators are off-limits to litigation and the courts. La. Const, of 1974, art. Ill, § 8.
Jefferson Parish ordinances set forth criteria and objectives for the Council to proceed in the RFP process here. Ordinance No. 31587, Section 2-895(2) provides that “price need not be the determining criterion for the award.” Section 2-895(6) provides in part:
the [RFP] objectives are to ensure that eligible contractors receive impartial and equitable consideration and that the contractor selected is most likely to perform in a manner which is most advantageous to the Parish of Jefferson, price and other factors considered.
Id. (Emphasis added). That same subsection provides that an “[a]ward of the contract may be made without discussion after proposals are received and evaluated.” Section 2-895(6). There is no basis to argue that price, although a relevant factor in the RFP, is the controlling factor.
We further find that the trial court did not abuse its discretion in denying *251 Waste Management’s request for injunc-tive relief. First, there was no violation of the RFP or ordinance, as discussed above. Secondly, injunctive relief was correctly denied because monetary damages are available. See Mouton v. Rapides Parish Police Jury, 05-721 (La.App. 3 Cir. 4/05/06), 927 So.2d 1195, 1198, unit denied, 06-1061 (La.6/23/06), 930 So.2d 986. Appellant is unable to show “irreparable injury” that cannot be adequately compensated by monetary damages. Id.
CONCLUSIONS
Upon our de novo review of the trial court’s denial of declaratory relief based on interpretation of law, we find that the public bid law does not apply to the contract at issue, and further that the trial court correctly found that the amendment to the public bid law is substantive and does not apply retroactively. In addition, 114the Parish did not violate the RFP and ordinance, and the Council’s decision-making process may not be considered under the doctrine of legislative privilege. In-junctive relief was correctly denied, and to deny it was not an abuse of discretion or clearly erroneous because there was no violation of law and monetary damages are available if appropriate. Accordingly, the trial court’s denial of Waste Management’s request for a declaratory judgment and for injunctive relief is affirmed.

AFFIRMED