# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE
NEWS RELEASE #031

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **27th day of June, 2025** are as follows:

**BY McCallum, J.:**

2024-C-00808     23RD PSALM TRUCKING, L.L.C.   VS.   MADISON PARISH POLICE JURY (Parish of Madison)

AFFIRMED. SEE OPINION.

Weimer, C.J., dissents and assigns reasons.
Hughes, J., dissents for the reasons assigned by Chief Justice Weimer.
Crain, J., concurs.
Griffin, J., concurs in the result.
Guidry, J., concurs in the result.

# SUPREME COURT OF LOUISIANA

## No. 2024-C-00808

## 23RD PSALM TRUCKING, L.L.C.

## VS.

## MADISON PARISH POLICE JURY

On Writ of Certiorari to the Court of Appeal, Second Circuit, Parish of Madison

**McCALLUM, J.**

The Madison Parish Police Jury (the "Police Jury") seeks to void an unfavorable garbage collection and disposal contract in this case. Its claim is based on its own violation of state law. While we recognize the inequity of the Police Jury's lawsuit, we are constrained to apply the law as it is written. This case concerns the interplay of two statutes. The first statute, La. R.S. 33:4169.1, allows the governing authority of every parish and municipality to enter into contracts for the collection, transportation, and disposal of garbage and trash within its jurisdiction. Under then-subpart A(3) of La. R.S. 33:4169.1 [now, La. R.S. 33:4169.1 A(1)(d)], contracts could include a term of up to ten years for collection and transportation services, and twenty-five years for garbage disposal service. The second statute, La. R.S. 39:1410.60 (A), provides that no parish, municipality, or political subdivision has authority to borrow money, incur debt, or to issue bonds, or other evidences of debt, or to levy taxes, or pledge uncollected taxes or revenues for the payment thereof, without the consent and approval of the State Bond Commission (the "Bond Commission").[1] The failure to obtain prior consent and

---

[1] The State Bond Commission, created by La. Const. Art. VII, § 8, receives, reviews, and approves or disapproves applications from local and state governmental entities requesting authorization to borrow money, incur debt, or to issue bonds or other evidences of debt, or to levy taxes, or to

approval of the Bond Commission renders a contract, debt, obligation, bond, or other evidence of indebtedness, incurred or issued, null and void, and unenforceable. La. R.S. 39:1410.63.[2]

The issue in this summary judgment matter is whether the failure of the Police Jury to obtain the prior consent and approval of the Bond Commission rendered its four-year residential waste collection and disposal contract with 23rd Psalm Trucking, L.L.C. ("Psalm Trucking") null, void, and unenforceable, as a matter of law, thereby barring recovery for contractual breach. Given the facts of the case, a resolution of the issue hinges on whether the legislature intended La. R.S. 33:4169.1 to be construed alone or together with La. R.S. 39:1410.63. If they are intended to be construed together, we must then determine whether the Police Jury's four-year waste collection and disposal contract constitutes "debt" under La. R.S. 39:1410.60, requiring the consent and approval of the Bond Commission.

We conclude the rules of statutory construction dictate that La. R. S. 33:4169.1 and La. R. S. 39:1410.60 be read *in pari materia*, or in reference to each other. Employing this principle, we hold that the four-year waste collection and

---

pledge uncollected taxes or revenues for the payment thereof. *See* La. Const. Art. VII, § 8; La. R.S. 39:1410.31; La. R.S. 39:1410.60; La. Admin. Code tit. 71, pt. III, §§ 101(D), 1301(B).

[2] La. R.S. 39:1410.63 provides:

> A. Any contract, debt, obligation, bond, or other evidence of indebtedness whatsoever, incurred or issued in violation of this Part, and without the consent and approval of the commission shall be null and void, and no court of this state shall have jurisdiction to enforce the payment thereof, or of any suit or other proceeding affecting or involving the same.

> B. Any person or any officer, agent, or employee of any governmental agency named in R.S. 39:1410.60, who violates this Part, or who counsels, aids, or abets the violation thereof, or who participates with others, or who engages or attempts to engage, in the borrowing or lending of, or any attempt to borrow or lend any money, the calling of any election, the incurring of any debt, the issuing or negotiation or sale of any bond or other evidence of debt whatsoever, the levying of any tax, the mortgaging of any land, building, machinery, and equipment, or the pledge of any tax, income, or revenues, without the consent and approval, first hand and obtained, of the commission, shall be fined not less than one hundred dollars and not more than five hundred dollars, and imprisoned for not more than six months.

disposal contract at issue constitutes debt under La. R. S. 39:1410.60, as explained more fully herein. Furthermore, we conclude the Police Jury did not have authority to incur debt to satisfy its contractual obligation with Psalm Trucking without the consent and approval of the Bond Commission. Therefore, we hold the contract is null, void and unenforceable under La. R.S. 39:1410.63. We agree with the court of appeal that the trial court correctly granted summary judgment in favor of the Police Jury dismissing Psalm Trucking's suit with prejudice. Accordingly, we affirm the court of appeal judgment. Our reasons follow.

## FACTS AND PROCEDURAL HISTORY

On July 14, 2014, Psalm Trucking signed a contract with the Police Jury to collect and dispose of residential waste. The contract provided for a four-year term commencing that same day. As neither party gave notice prior to the original expiration on July 14, 2018, the contract continued for an additional three-year renewal term running through July 14, 2021.

Due to fiscal concerns, the Police Jury rebid the waste collection and disposal contract in June 2020. Although Psalm Trucking submitted a bid, the new contract was awarded to another contractor who was to commence work on August 1, 2020.[3] After Psalm Trucking informed the Police Jury the existing three-year extension on the original contract was not due to expire until July 14, 2021, the Police Jury allowed Psalm Trucking to continue the service through the fiscal year ending December 31, 2020. The new contractor commenced services under the new contract on January 1, 2021.

Psalm Trucking filed a petition for damages against the Police Jury for breach of contract and unfair trade practices. It alleged the early termination of the four-year waste collection and disposal contract resulted in an estimated loss of

---

[3] The pleadings in the record indicate the Police Jury awarded the new contract to I&L Farms, L.L.C. d/b/a Guys Waste & Disposal.

3

$385,235.50 for the company. Psalm Trucking later amended its petition to assert a claim of detrimental reliance. The Police Jury filed a motion for summary judgment, arguing the four-year contract was null and void under La. R.S. 39:1410.60 (A) because it was never submitted to and approved by the Bond Commission. Psalm Trucking opposed the motion, arguing a more specific statute, La. R.S. 33:4169.1, controlled and thus approval by the Bond Commission was not required.

The trial court granted the Police Jury's motion for summary judgment and dismissed Psalm Trucking's suit with prejudice. The court found the four-year contract to be null and void, and the parties' contractual obligations under it unenforceable. The court reasoned:

> Revised Statute 33:4169.1 addresses a time contract for garbage collection disposal. It does not address when a contract can simple (sic) be negotiated. Whereas [La. R.S.] 39:1410.60 (A) is specific that any contract that obligates the municipality beyond the fiscal year must first be approved by the State Bond Commission. When a municipality enters into a contract, it must appropriate the money to fund the contract. Finding that simply because [La. R.S.] 33:4169.1 sets a time as to how long a municipality can obligate itself under a garbage collecting contract, it does not do away with the requirement that the municipality obtain bond approval. Municipalities must be able to fund the debt on the contract. The contract in question here did not contain a non-appropriation clause. Therefore, the Police Jury was required to seek Bond [Commission] approval before obligating itself on the debt.

The court also rejected Psalm Trucking's detrimental reliance claim, finding it did not make the required showing to prove detrimental reliance against a governmental agency as set forth in *Luther v. IOM Co., LLC*, 13-0353 (La. 10/15/13), 130 So. 3d 817.[4] The court found Psalm Trucking did not prove it relied upon unequivocal advice from an unusually authoritative source, as required for a detrimental reliance

---

[4] *Luther* reiterated that establishing a detrimental reliance claim against a government agency requires: "(1) unequivocal advice from an unusually authoritative source, (2) reasonable reliance on that advice by an individual, (3) extreme harm resulting from that reliance, and (4) gross injustice to the individual in the absence of judicial estoppel. *Id,* 13-0353 at p. 11, 130 So. 3d at 825.

4

claim and noted it acknowledged it did not seek legal advice before contracting with the Police Jury.

The court of appeal affirmed. *23rd Psalm Trucking, L.L.C. v. Madison Parish Police Jury*, 55,658 (La. App. 2 Cir. 5/22/24), 387 So. 3d 867. The court of appeal rejected Psalm Trucking's argument that it did not need the Bond Commission's consent and approval to contract with the Police Jury because La. R.S. 33:4169.1 (A)(3) is an exception to La. R.S. 39:1410.60 (A). *Id.*, 55,658 at p. 3, 387 So. 3d at 869. The appellate court found the statutes read together convey that the Bond Commission's approval is required for multi-year contracts that do not contain a non-appropriation clause; however, these time contracts may not exceed the 10-year and 25-year limits set forth in La. R.S. 33:4169.1(A)(3). *Id.* Like the trial court, the court of appeal found no merit to Psalm Trucking's detrimental reliance claim.

Psalm Trucking filed a writ application with this Court, which we granted.[5]

## LAW AND DISCUSSION

### *Standard of Review*

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Beer Indus. League of Louisiana v. City of New Orleans*, 18-0280, p.7 (La. 6/27/18), 251 So. 3d 380, 385-86; *Duncan v. U.S.A.A. Ins. Co.*, 06-363, p. 3 (La. 11/29/06), 950 So. 2d 544, 546. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of civil actions (except for certain domestic matters) and is favored in our law. La. Code Civ. P. art. 966(A)(2); *Kennedy v. Sheriff of East Baton Rouge*, 05-1418, pp. 25-26 (La. 7/10/06), 935 So. 2d 669, 686.

A summary judgment is reviewed under a *de novo* standard, with the reviewing court using the same criteria that govern the trial court's determination of

---

[5] *23rd Psalm Trucking, L.L.C. v. Madison Parish Police Jury*, 24-0808 (La. 12/11/24), 396 So. 3d 952.

5

whether summary judgment is appropriate, *i.e.*, whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Guidry v. Brookshire Grocery Co.*, 19-1999, p. 2 (La. 2/26/20), 289 So. 3d 1026, 1027; *Murphy v. Savannah*, 18-0991, p. 7 (La. 5/8/19), 282 So. 3d 1034, 1038. "When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him." La. Code Civ. P. art. 967(B).

When summary judgment is granted in the context of statutory interpretation, there are no material issues of fact in dispute and the sole issue before us is a question of law as to the correct interpretation of the statutes at issue. *Vizzi v. Lafayette City-Parish Government*, 11-2648, p. 2 (La. 7/2/12), 93 So. 3d 1260, 1262. The trial court's judgment should not be disturbed absent proof that its decision was legally incorrect. *Waste Mgmt. of Louisiana, L.L.C. v. Consol. Garbage Dist. No. 1 of Par. of Jefferson*, 12-444, p. 8 (La. App. 5 Cir. 3/13/13), 113 So. 3d 243, 248.

We now turn our focus to the relevant statutes.

*Analysis*

When the parties executed the contract on July 14, 2014, La. R.S. 33:4169.1, which is found in Title 33 Municipalities and Parishes; Chapter 10 Public Utilities; Part I Ownership, Operations and Financing, provided, in part:

> § 4169.1. Municipal and parish authority over collection and disposal of garbage and trash; franchising, permitting, and licensing; assessment and collection of service charge
>
> A. The governing authority of every parish or municipality shall have the following powers:

(1) *To engage in the collection and disposal of garbage and trash within its jurisdiction in cooperation with, or to the exclusion of, other garbage and trash collectors.*

\* \* \*

(3) *To enter into time contracts for the collection and transportation of garbage or trash for a term of up to ten years, and for disposal of garbage or trash for a term of up to twenty-five years.*

\* \* \*

(5) To otherwise regulate the collection and disposal of garbage and trash.

(Emphasis added).

Louisiana Revised Statute 39:1410.60 appears in Title 39 Public Finance, Subtitle III General Laws on State Debt, Chapter 11 Bond Commission, Part VI Local Government Finances. The statute, which was last amended in 1999, provides, in relevant part:

§ 1410.60. Approval of application; incurring indebtedness

A. *No parish*, municipality, public board, political or public corporation, subdivision, or taxing district, and no road or subroad district, school district, sewerage district, drainage or subdrainage district, levee district, waterworks or subwaterworks district, irrigation district, road lighting district, harbor and terminal district, or any other political subdivision, taxing district, political or public corporation, created under or by the constitution and laws of the state *shall have authority to borrow money, incur debt, or to issue bonds, or other evidences of debt*, or to levy taxes, or to pledge uncollected taxes or revenues for the payment thereof, *where they are authorized by the constitution or laws of the state so to do, without the consent and approval of the State Bond Commission.*

\* \* \*

C. (1) As used in this Section, the term "debt" or "evidence of debt" shall not include a lease of a movable or an installment purchase agreement financing the purchase of a movable if the lease or installment purchase agreement contains a nonappropriation clause, and does not contain an anti-substitution or penalty clause; provided that if such lease or installment purchase agreement is entered into in conjunction with the issuance of bonds, notes, certificates, or other obligations which would otherwise be required to be approved by the State Bond Commission, State Bond Commission approval of such financing transaction shall continue to be required.

(Emphasis added). The penalty provision for violations of the statute, states, in part:

7

> A. Any *contract*, *debt*, *obligation*, bond, or other evidence of indebtedness whatsoever, incurred or issued in violation of this Part, and without the consent and approval of the commission *shall be null and void, and no court of this state shall have jurisdiction to enforce the payment thereof*, or of any suit or other proceeding affecting or involving the same.

La. R.S. 39:1410.63 (Emphasis added).

The Police Jury is the parish governing body that exercises legislative and executive functions as a political subdivision created by and subject to state legislative authority. *See* La. Const. Art. VI, § 7(A) and §44; s*ee also Rollins Environmental Services of Louisiana*, *Inc. v. Iberville Paish Police Jury*, 371 So. 2d 1127, 1131 (La. 1979); *McIntosh v. Madison Parish Police Jury*, 554 So. 2d 227, 228 (La. App. 2 Cir 1989). There is no dispute the Police Jury was authorized by statute to contract for waste collection and disposal services with Psalm Trucking. *See* La. R.S. 33:4169.1 A (1).

The record evidence indicates that, pursuant to the July 14, 2014 contract, Psalm Trucking provided once weekly collection of unlimited residential solid waste and bulky waste at a rate paid by the Police Jury of $13.00 per residential unit per month, plus a fuel charge of 45 cents per gallon if fuel had reached $4.15 per gallon. In sum, the Police Jury paid Psalm Trucking approximately $59,267.00 each month or $711,204.00 each year for service. The contract also included a three-year extension term that went into effect on July 14, 2018. The contract did not include a "non-appropriation" of funds clause.[6] With six and one-half months remaining on the extension, the Police Jury terminated Psalm Trucking's contract.

---

[6] Louisiana Revised Statute 33:4715.1 (A)(5) defines "non-appropriation clause" as "a provision which shall be included in any sale, sale-back, lease, sublease, or other agreement authorized by this Section providing that the beneficiary party to such agreement shall make an annual good faith effort to appropriate funds sufficient to pay all amounts due under the agreement for the current fiscal year of such beneficiary and that such agreement is only executory to the extent that funds are so appropriated. Such agreement shall further provide that in the event of an inability to appropriate sufficient funds such inability shall not constitute a default under such agreement."

The "beneficiary party" referenced is defined as "any political subdivision, as defined in Article VI, Section 44 of the Constitution of Louisiana, which has lawful authority to own public facilities." La. R.S. 33:4715.1 (A)(1). Although Section 4715.1 deals with the sale, sale-back and

In moving for summary judgment, the Police Jury argued there was no contractual breach because the contract was null and void at the outset as a matter of law under La. R.S. 39:1410.63, because it lacked the prior consent and approval of the Bond Commission as required by La. R.S. 39:1410.60. Psalm Trucking, opposing the motion, argued that La. R.S. 33:4169.1, the statute specifically directed to parish and municipality contracts for garbage and trash collection and disposal service, does not require the prior consent and approval of the Bond Commission, and should govern over La. R.S. 39:1410.60, the general statute.

Our interpretation of the relevant statutory provisions is guided by well-established rules of statutory construction. Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for legislative intent. *See* La. Civ. Code art. 2; *Cat's Meow, Inc. v. City of New Orleans Through Department of Finance*, 98-0601, p. 15 (La. 10/20/98), 720 So. 2d 1186, 1198. The starting point for interpreting any statute is the language of the statute itself, as the text of the law is the best evidence of legislative intent. *See* La. R.S. 1:4 and 24:177B (1); *In re Tillman*, 15-1114, p. 9 (La. 3/15/16), 187 So. 3d 445, 451. When the law is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect; and its provisions must be construed to give effect to the purpose indicated by a fair interpretation of the language used. *See* La. Civ. Code art. 9; La. R.S. 1:4; *McGlothlin v. Christus St. Patrick Hospital*, 10-2775, p. 11 (La. 7/1/11), 65 So. 3d 1218, 1227-28. Words and phrases must be read in context and construed according to the common and approved usage of the language. La. R.S. 1:3.

It is presumed that every word, sentence, or provision in a law is intended to serve some useful purpose, that some effect is given to each such provision, and that

leasing of property, it falls under Title 33, Municipalities and Parishes, and the definition explains the general meaning and purpose of the clause in a government contract.

9

no unnecessary words or provisions were employed. *Colvin v. Louisiana Patient's Compensation Fund Oversight Board,* 06-1104, p. 6 (La. 1/17/07), 947 So. 2d 15, 19. Courts are thus bound to give effect, if possible, to all parts of a statute and to construe no sentence, clause, or word as meaningless and surplusage if a construction giving force to and preserving every word can legitimately be found. *Id.*, 06-947 at p. 6, So. 2d at 19-20. Where two statutes deal with the same subject matter, they should be harmonized if possible, as it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws. *Oubre v. Louisiana Citizens Fair Plan,* 11-0097, p. 12 (La. 12/16/11), 79 So.3d 987, 997, *cert. denied,* 567 U.S. 935, 133 S. Ct. 30, 183 L. Ed. 2d 677 (2012). However, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. *South Lafourche Levee District v. Jarreau*, 16-0788, 16-0904, p. 8 (La. 3/31/17), 217 So. 3d 298, 304-05, *cert. denied*, 583 U.S. 944, 138 S. Ct. 381, 199 L. Ed. 2d 279 (2017).

Based on our review of both statutes, we conclude La. R.S. 33:4169.1 is the more specific statute, as it expressly authorizes a parish or municipal governing authority to enter time contracts for garbage and trash collection, transportation, and disposal service within its territorial jurisdiction up to a limited time depending on the type of service. Subsection A of La. R.S. 33:4169.1 is silent with respect to the requirement that the parish or municipal governing authority have the consent and approval of the Bond Commission to execute a contract for garbage and trash collection, transportation, or disposal service. However, a close reading of all the provisions of the statute supports our finding that a parish or municipal body must obtain Bond Commission approval of such a contract. Subsection B authorizes the parish or municipal governing authority to execute contracts with private water companies or water districts serving customers in the same territorial jurisdiction as the garbage and trash collectors and disposal providers. Importantly, subsection B

10

expressly states that "[a]ny such contract shall not require the approval of any state department, agency, or commission." La. R.S. 33:4169.1 B (3)[7].

Subsection A includes no such exemption. Given the inclusion of an exemption for private water company contracts, the absence of an exemption for contracts for the collection and transportation of garbage or trash can only be seen as deliberate. Thus, we conclude if the legislature intended to permit a parish or municipal governing authority to execute a contract for garbage and trash collection and disposal services without the approval of any state agency, department, or commission, it would have expressly provided so in Subsection A of the statute.[8]

The language in La. R.S. 39:1410.60(A) is prohibitory and broad in scope. "*No* parish, municipality, public board, political or public corporation, subdivision, or taxing district… *created under or by the constitution and laws of the state*, shall

---

[7]In 2014, Subsection B of La. R.S. 39:1410.60, read in relevant part:

> B. (1) The governing authority of any municipality or parish is authorized to execute contracts with private water companies or water districts serving customers in the area served by a garbage and trash collection and disposal service pursuant to Subsection A.
>
> (2) Such contracts may contain such terms and privileges as may be agreed upon between the parties, pursuant to which charges imposed for such garbage and trash collection and disposal service may be collected by water companies or water districts, and providing a procedure to enforce collection by an agreement to shut off or terminate the service of the supply of water, hereinafter referred to as "utility service", to any premises delinquent in the payment of either its utility charges or garbage and trash collection and disposal service charges; however, such procedure shall provide for prior notice by certified mail to any person who fails to pay such service charges that said person's utility service may be shut off or terminated, and not less than thirty days after provision of such notice and only after said person's subsequent refusal to pay such service charges within said thirty days, the utility service may be shut off or terminated.
>
> (3) Any such contract shall not require the approval of any state department, agency, or commission.

[8] Recently, by Acts 2024, No. 707, § 1, effective August 1, 2024, the legislature amended and redesignated Subsection A of La. R.S. 33:4169.1, as Subsections A(1) and A(2), adding two new provisions. The first authorizes a parish and municipal governing authority to award exclusive contracts to garbage and trash collectors and disposers provided the awarding of the contract complies with the public bid laws of the state and other provisions of law. *See* La. R.S. 33:4169.1 A(1)(c). The second provision defined "exclusive contract" as "a written agreement for the collection and disposal of residential garbage and trash throughout the entirety of the territorial jurisdiction of the respective parish or municipality." La. R.S. 33:4169.1 A(2). The 2024 amendments did not contain language that an exclusive contract could be awarded without the approval of any state department, agency, or commission.

11

have authority to borrow money, incur debt, or to issue bonds, or other evidences of debt, or to levy taxes, or to pledge uncollected taxes or revenues for the payment thereof, . . . *without the consent and approval of the State Bond Commission*." (Emphasis added). The statute provides no exemption from the Bond Commission's consent and approval requirement.

Louisiana Revised Statutes 33:4169.1 and 39:1410.60 (A) involve the same general subject matter, a governmental entity's authority to contract, and do not conflict. Thus, the principles of statutory interpretation require us to interpret the statutes in reference to the other. *See* La. Civ. Code art. 13. Louisiana Revised Statute 33:4169.1 authorizes the parish or municipal governing authority to enter time contracts for the collection and transportation of garbage or trash for a term of up to ten years, and for disposal of garbage or trash for a term of up to twenty-five years. On the other hand, La. R.S. 39:1410.60 (A) merely prohibits the same governing authority, without the consent and approval of the State Bond Commission, from borrowing money, incurring debt, or issuing bonds or other evidences of debt, or levying taxes, or pledging uncollected taxes or revenues for the payment thereof. We have read the statutes together to satisfy their intended purpose and give them both effect. We have determined Bond Commission consent and approval is required for the Police Jury to incur debt. We must also determine whether the Police Jury's four-year residential waste collection and disposal contract with Psalm Trucking constitutes "debt" under La. R.S. 39:1410.60 (A).

"A debt is a type of obligation in Louisiana law." *Louisiana State University Board of Supervisors Through Louisiana State University Veterinarian Teaching Hospital* v. *Johnson*, 20-0272, p. 7 (La. App. 3 Cir. 4/7/21), 318 So. 3d 292, 298, *writ denied*, 21-00618 (La. 9/27/21), 324 So. 3d 98. "An obligation is a legal relationship whereby a person, called the obligor, is bound to render a performance in favor of another, called the obligee. Performance may consist of giving, doing,

12

or not performing something." La. Civ. Code art. 1756. "This Article makes it clear that an obligation is a legal relationship rather than a mere duty to perform." 1984 Revision Comment (b) to La. Civ. Code art. 1756. Article 1756 views obligations as "credit-rights." *See* 1 Litvinoff, Obligations 24-25 (1969). The term "obligor" is synonymous with debtor, and "obligee" with creditor. 1984 Revision Comment (c) to La. Civ. Code art. 1756. As the court in *City of New Orleans v. United Gas Pipe Line Co.*, 517 So. 2d 145, 161 (La. App. 4 Cir. 1986), recognized, "identifying debtor with obligor and creditor with obligee, . . . 'debt' is as broad in meaning as 'obligation' is, under the Louisiana Civil Code."

"Obligations arise from contracts and other declarations of will. They also arise directly from the law, regardless of a declaration of will, [in] instances such as . . . unjust enrichment and other acts or facts." La. Civ. Code art. 1757. "Ordinarily, the word 'debt' imports a sum of money arising on a contract, express or implied; but in its more general sense it means that which one person is bound to pay or perform for another." *Laterriere v. Bd. of Levee Comm'rs of Orleans Levee Dist.*, 182 La. 1060, 1065, 162 So. 773, 774 (1935). It is undisputed the July 14, 2014 contract obligated the Police Jury to pay Psalm Trucking for its services; therefore, it is a debt.

Louisiana Revised Statute 39:1410.60 does not define debt. However, Subsection C (1) of the statute provides:

> *the term "debt" or "evidence of debt" shall not include* a lease of a movable or an installment purchase agreement financing the purchase of a movable *if the* lease or installment purchase *agreement contains a nonappropriation clause,* and does not contain an anti-substitution or penalty clause; provided that if such lease or installment purchase agreement is entered into in conjunction with the issuance of bonds, notes, certificates, or other obligations which would otherwise be required to be approved by the State Bond Commission, State Bond Commission approval of such financing transaction shall continue to be required.

(Emphasis added).

13

Relatedly, the Louisiana Public Bid Law, La. R.S. 38:2211, *et seq.*, allows a public entity to enter into maintenance contracts for the repair and maintenance of public facilities owned, controlled, or operated by a public entity for a fixed annual fee for a duration of not less than two years. *See* La. R.S. 38:2212 U. "Any such contract entered into by a public entity shall include a nonappropriation clause and shall not be considered a debt of the public entity." *Id.*; *see also Ramelli Janitorial Service Inc. v. H&O Investments, LLC*, 22-266, p. 2 n.4 (La. App. 5 Cir. 9/21/22), 350 So. 3d 588, 590. Thus, from the above principles, we conclude that, to not be considered a debt and thereby be exempt from the Bond Commission consent and approval requirement under La. R.S. 39:1410.60, the Police Jury's contract with Psalm Trucking, at a minimum, had to contain a non-appropriation clause.

The Police Jury, as the moving party on summary judgment, had the burden of proof. *See* La. C.C.P. art. 966 D(1). Based on our review of the record, we find the Police Jury satisfied its burden and is entitled to summary judgment as a matter of law. There is no dispute that the four-year, residential waste collection and trash disposal contract executed by the Police Jury and Psalm Trucking does not contain a non-appropriation clause. Absent a non-appropriation clause in the contract that would have allowed the Police Jury to terminate the contract for lack of funding without a penalty, the Police Jury did not have authority to incur debt to satisfy its contractual obligation without the consent and approval of the Bond Commission. Pursuant to La. R.S. 39:1410.63, any contract, debt, obligation incurred or issued in violation of the statute, and without the consent and approval of the Bond Commission, is null, void and unenforceable. *See* La. R.S. 39: 39:1410.63 A. We thus agree with the court of appeal that the trial court correctly granted the Police Jury's motion for summary judgment and dismissed Psalm Trucking's suit with prejudice.

14

Finally, we agree with the trial court and the court of appeal that Psalm Trucking offered no proof to satisfy the elements required in a claim of detrimental reliance against a governmental agency under *Luther, supra.* In *Luther*, the Court acknowledged that proving a detrimental reliance claim against a governmental agency is more burdensome and requires a showing of "unequivocal advice from an unusually authoritative source." 13-0353 at p. 11, 130 So. 3d at 825. The record reflects Psalm Trucking admitted it had the opportunity before executing the contract to seek legal advice from an attorney on the laws applicable to contracting with the Police Jury, including La. R.S. 39:1410.60, but did not. Psalm Trucking also admitted that neither the Police Jury nor its attorney issued a legal opinion relating to the contract prior to signing it. Psalm Trucking's detrimental reliance claim is without merit.

**CONCLUSION**

The court of appeal recognized:

> [t]he failure of governmental agencies to obtain the requisite approval of the Commission is not rare. While it is the law, we are aware that this statute opens the door for potential abuse by governmental agencies that are *fully* cognizant of [this requirement] *prior* to the incurrence of debt.

*23rd Psalm Trucking*, 55,658 at p. 3-4, 387 So. 3d at 869 (emphasis in original). Unfortunately, we must agree with the sagacious observation of the Second Circuit. Such behavior by governmental agencies is almost customary. If so, "it is a custom [m]ore honour'd in the breach than the observance."[9] Governmental bodies should not use their own violations of statutory law as a weapon to invalidate a contract they later find unfavorable. Subpart B of La. R.S. 39:1410.63, the penalty statute, provides a remedy for when any person or any officer, agent, or employee of any

---

[9] William Shakespeare, *Hamlet*, Act 1, Scene 4.

15

governmental agency violates La. R.S. 39:1410.60, *see* n. 2, *supra*. The parties, however, raised no issue involving subpart B for this Court to address.

## DECREE

Accordingly, for the reasons herein, we affirm the court of appeal judgment.

**AFFIRMED**

16

**No. 2024-C-00808**

**23RD PSALM TRUCKING, L.L.C.**

**VS.**

**MADISON PARISH POLICE JUDRY**

*On Writ of Certiorari to the Court of Appeal, Second Circuit,*
*Parish of Madison*

**WEIMER, C.J.**, dissenting.

Despite recognizing the "inequity" of the Police Jury's lawsuit, the majority nonetheless feels "constrained" to allow the Police Jury to extricate itself from a binding contract with 23rd Psalm Trucking based on the Police Jury's own violation of the law. The majority suggests that its result is mandated by applying the "law as it is written," and concludes that the Police Jury lacked authority to enter into the waste collection and disposal contract with 23rd Psalm without consent and approval of the Bond Commission pursuant to La. R.S. 39:1410.60. Finding the "law as written" provides no statutory impediment to enforcing the contract, I respectfully dissent.

On a motion for summary judgment, this court reviews the record *de novo* to determine whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Here, the Police Jury's motion for summary judgment presents no material issue of disputed fact; rather the disputed issue in this case is solely one of statutory interpretation, which is subject to *de novo*

review.  See **Harrah's Bossier City Inv. Co., LLC v. Bridges**, 09-1916, p. 9 (La. 5/11/10), 41 So.3d 438, 445.[1]

The Police Jury and 23rd Psalm agreed to a waste disposal contract[2] for a four-year term, with an automatic three-year renewal if neither party gave notice prior to expiration.  The majority recognizes that the contract's enforceability hinges on whether La. R.S. 33:4169.1 must be construed along with La. R.S. 39:1410.60.  See **23rd Psalm Trucking, L.L.C.**, slip op. at 2.  These statutes address different topics and are located within different titles of the Revised Statutes.

Louisiana R.S. 33:4169.1 is included in the statutes pertaining to municipalities and parishes, addressing public utilities and ownership, operations and financing.  This statute gives parishes the power to enter into "time contracts" for the collection and transportation of garbage or trash for a term of up to ten years, and for disposal of garbage or trash for a term of up to twenty-five years.  La. R.S. 33:4169.1(A)(3).  Even though nothing in this statute requires the parish to obtain approval of the State Bond Commission, the majority finds La. R.S. 33:4169.1(A)(3) must be read *in pari materia* with La. R.S. 39:1410.60.  See **23rd Psalm Trucking, L.L.C.**, slip op. at 10.  Louisiana R.S. 39:1410.60 is located within the statutes pertaining to State debt and local government finances.  This statute addresses a parish's authority to incur debt and borrow money, providing in relevant part that "[n]o parish … shall have authority to borrow money, incur debt, or to issues bonds, or other evidences of debt … where

---

[1]  I find the majority opinion's explanation of the standard of review confusing.  See **23rd Psalm Trucking, L.L.C. v. Madison Parish Police Jury**, 24-00808 (La. 6/  /25), slip op., p. 6.  Although noting this court's review is *de novo*, involving statutory interpretation, the majority opinion also seems to suggest some element of proof is required to reverse the trial court's judgment ("The trial court's judgment should not be disturbed absent proof that its decision was legally incorrect.").  There is no "proof" issue (suggesting a factual dispute) in this case, which solely involves statutory interpretation.

[2]  Psalm 23 begins "The Lord is my shepherd; I shall not want."  Aptly named, the plaintiff company provides services picking up items that others do not want.

2

they are authorized by the constitution or laws of the state to do so, without the consent and approval of the State Bond Commission." La. R.S. 39:1410.60(A). As a penalty for violating La. R.S. 39:1410.60, "[a]ny contract, debt, obligation, bond, or other evidence of indebtedness whatsoever, incurred or issued … without the consent and approval of the commission shall be null and void." La. R.S. 39:1410.63(A).

While it is the duty of the courts, in the interpretation of statutes, to harmonize and reconcile laws, the courts only have a duty to do so where the two statutes address the same subject matter. See La. C.C. art. 13; **Oubre v. Louisiana Citizens Fair Plan**, 11-0097, p. 12 (La. 12/16/11), 79 So.3d 987, 997. These statutes do not address the same subject matter. Louisiana R.S. 39:1410.60(A) is designed to apply to a parish's action of borrowing money or issuing a bond on an indebtedness that is intended to be paid back, such as for capital projects. The contract between the Police Jury and 23rd Psalm is not a "debt" falling under the provisions of La. R.S. 39:1410.60(A). A time contract for services is not a traditional debt. Under the contract, the Police Jury pays 23rd Psalm a fee to perform a service. If that service is not provided, the fee is not owed. Service contracts necessarily have their own built-in protections, and an aggrieved party can file suit to be relieved of its contractual obligations.

Notably, the term "debt" is not defined in La. R.S. 39:1410.60, but the majority goes to great lengths to define it broadly to encompass this waste disposal service contract. Louisiana R.S. 39:1410.60 and the related penalty statute, La. R.S. 39:1410.63 do not solely employ the term "debt." The statutes refer to "debt" alongside "contract," "obligation," "bond," and "other evidence of indebtedness." Under the *ejusdem generis* rule of statutory construction, the meaning of words or

3

phrases may be ascertained by the words or phrases with which they are associated. Words of general import are not to be construed in their widest extent, but are limited by words of restricted meaning and apply only to such classes of things of the same general kind as those specifically mentioned. See **Pumphrey v. City of New Orleans**, 05-0979, p. 14 (La. 4/4/06), 925 So.2d 1202, 1211; **Willis-Knighton Med. Ctr. v. Caddo-Shreveport Sales & Use Tax Comm'n**, 04-0473, pp. 31-32 (La. 4/1/05), 903 So.2d 1071, 1090-91; **State v. Texas Co.**, 205 La. 417, 430-31, 17 So.2d 569, 573 (1944). Interpreting the word "debt" to apply to instances of a parish borrowing money or issuing a bond for an indebtedness that is intended to be repaid is the logical interpretation. The intent of presenting such a contract of "debt" for approval of the Bond Commission is to help ensure that a municipality does not become overburdened with long-term debt that may not be paid. These statutes clearly contemplate loans, or other financial instruments that create a payment source for governmental projects. The same concerns are not presented with a simple service contract.

The majority opines that "[g]overnmental bodies should not use their own violations of statutory law as a weapon to invalidate a contract they later find unfavorable," yet the majority opinion allows the Police Jury to do just that, creating an obviously absurd result. See **23ʳᵈ Psalm Trucking, L.L.C.**, slip op. at 15. Courts must avoid an interpretation and application of the law which would lead to an absurd result.[3] Nevertheless, the majority's interpretation and application of these statutes, finding the contract void *ab initio* because of the Policy Jury's **own** failure to submit the contract to the Bond Commission for approval, fails to abide by this basic directive. The Police Jury should not be enabled by this court to benefit from its

---

[3] See La. C.C. art. 9.

failure to follow the law. This cannot and should not be how the law is applied.[4]

Such a result would enable any governmental entity to simply ignore the law and easily extricate itself from any contract it later finds undesirable to the detriment of the private party contracting in good faith. This would provide a public entity an opportunity to take advantage of a legal loophole to the detriment of a private entity or person and thereby extricate itself from a valid contract. 23rd Psalm entered into a contract with the Police Jury in good faith and relied on that contract when investing substantially in equipment to perform the contracted services. Allowing the Police Jury to void the contract when 23rd Psalm has not breached the contract creates an injustice. The contract should be enforceable until it expires.

I would reverse the district court's ruling granting the Police Jury's motion for summary judgment and, therefore, respectfully dissent.

---

[4] An idiom, commonly referenced from a line in Charles Dickens' "Oliver Twist," ("If the law supposes that,"… "the law is a a** - a idiot.") references the belief that if "the legal system or a particular law is wrong or not good enough, it should be changed." See Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/law-is-an-ass#google_vignette (last visited June 16, 2025).